## Jackson v. Dixon, et al.

(Decided February 16, 1923.)

## Appeal from Oldham Circuit Court.

1. Death—Action for Causing Death—Survival of Action.—A widow
   and minor children of one who is killed by the malicious use of
   firearms may, under section 4, Kentucky Statutes, have an ac-
   tion against the person who discharged the firearms.
2. Death—Action for Causing Death.—No recovery can be had if
   the shooting was done in self-defense.
3. Death—Action for Causing Death—Evidence.—Evidence examined
   and held sufficient to carry the case to the jury and to support
   the verdict.
4. Death—Action for Causing Death—Survival of Action.—Although
   a defendant be convicted of a felony and confined in the state
   penitentiary for the killing by the unlawful use of firearms, a
   civil action will lie under section 4 of Kentucky Statutes on
   behalf of the widow and minor children.

S. A. ANDERSON and W. B. MOODY for appellant.

EDWARDS, OGDEN & PEAK and SAM DeHAVEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

This action was commenced in the Oldham circuit
court by Effie Dixon and her two minor children against
appellant Jackson to recover damages for the malicious
killing of her husband, Ed Dixon, the father of the minor

plaintiffs, by the use of firearms, under section 4 of Kentucky Statutes, which provides: ''The widow and minor child, or either or both of them, of a person killed by the careless, wanton or malicious use of firearms,  . . . not in self-defense, may have an action against the person who committed the killing, and all others aiding or promoting, or any one or more of them; and in such actions the jury may give vindictive damages.''

It is conceded that appellant Jackson shot with a pistol and killed Ed Dixon, the husband of Effie Dixon and the father of the other two plaintiffs below; but it is insisted by appellant Jackson that the shooting was in his necessary self-defense. Jackson was indicted, tried and convicted of the crime of manslaughter and is now serving a term of eight years in the state penitentiary.

Appellant Jackson insists that the judgment must be reversed because (1) there was not sufficient evidence to carry the case to the jury, and the court should have sustained his motion for a directed verdict; and (2) the verdict is flagrantly against the evidence.

The facts in this case are not altogether satisfactory but there appears to be sufficient evidence on behalf of the widow and children to not only warrant the submission of the case to the jury but to sustain the verdict. The deceased, Dixon, was a tenant and lived on the farm of another some distance from the home of appellant Jackson, although he had for a short time been the tenant of appellant Jackson and they had disagreed about some matters and Dixon had left the premises and employment of appellant Jackson. From the evidence we gather that appellant Jackson was accusing Dixon of stealing a small quantity of corn when he left appellant's premises. Jackson with a concealed pistol went to the premises on which Dixon had been living after leaving appellant's place, and inquired for Dixon, and being told he had moved the night before to another named farm, appellant went to that place pretending that he had other business there. He saw and spoke to the deceased who was near the barn harnessing a mule. To this fact there was one witness. After speaking to Dixon appellant Jackson started as if to go around the house to see the witness Marshall for whom he had inquired at that place, and Mrs. Marshall, who had heard him speak to Jackson, went into the house. Immediately upon reaching her room where Mrs. Dixon and her children were sitting, she and Mrs. Dixon

heard two pistol shots; thereupon they rushed to the door and found appellant Jackson and deceased Dixon fighting in the back yard not far from where Mrs. Marshall saw the two men only a minute or so before. No one knew exactly how the difficulty started except appellant Jackson, whose evidence is contradicted in several particulars. At any rate during the fight Jackson shot the deceased Dixon twice, once in the arm and once in the body, the latter wound proving fatal. Dixon had no weapon.

The jury found for the plaintiff, now appellee, Mrs. Effie Dixon, and her two minor children, the sum of $3,-300.00, of which amount the court adjudged one-half to the widow and one-half to the infant children. Jackson appeals.

No doubt the jury, considering all the evidence stated above, deduced therefrom the malicious intent of Jackson to shoot and kill Dixon, largely if not entirely, from the fact that he was looking for Dixon at his old home place a short time before the killing and not finding him there, came armed immediately to his new home where the difficulty resulted in the shooting and death. The whole evidence considered, we think the malicious intent to precipitate a difficulty and to shoot and kill Dixon may have been deduced by the jury from the fact that appellant was armed and seeking the deceased with whom he had a quarrel.

Manifestly, if the substance of the evidence above recited be considered, the court would have erred if it had sustained the motion of appellant for a directed verdict in his favor. While there was much evidence to the contrary there was sufficient evidence on behalf of the plaintiff to carry the case to the jury, and the case having been submitted to the jury under instructions of which no complaint is made, and the jury having found in favor of the plaintiffs below, this court is without power to reverse the judgment, there being more than a scintilla of proof to support it. The verdict is not flagrantly against the evidence.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.