## Wagers v. Black.

(Decided January 12, 1926.)

### Appeal from Madison Circuit Court.

1. Witnesses—Surety's Testimony as to Agreement by Principal, Since Deceased, to Procure Signature of Another Surety, Inadmissible.—Defendant's testimony that he signed note sued on as accommodation surety on agreeement with principal, since deceased, to procure signature of another solvent person as surety before delivering note to payee, held inadmissible.

2. Bills and Notes—Evidence Held Insufficient to Take to Jury Defense of Signature as Accommodation Surety on Agreement by Principal to Procure Signature of Another Surety.—Defendant's testimony as to statements to him by plaintiff after note sued on fell due held insufficient to take to jury defense that he signed as accommodation surety on agreement by principal, since deceased,

to procure signature of another surety; no notice to plaintiff of such restriction nor agreement by him being shown.

3. Appeal and Error—Verdict, Supported by Evidence, on Issue Fairly Submitted, Not Disturbed.—Jury's verdict, supported by evidence, on issue fairly submitted to it, as to whether plaintiff gave maker time to pay note sued on with consent of surety, will not be disturbed.

4. Principal and Surety—Surety Cannot Complain of Time Given Principal with Surety's Consent.—Surety cannot complain that time was given principal to pay note, if done with surety's consent.

JOHN NOLAND for appellant.

C. C. WALLACE and E. S. WIGGINS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

D. P. Black brought this action against J. W. Wagers to recover on a note for $1,250.00, executed September 29, 1921, by Robert Rowlett and Wagers, and due six months after date. Wagers by his answer pleaded that Robert Rowlett was the principal in the note and he signed as accommodation surety with the agreement with Robert Rowlett that before delivering the writing to Black he would procure the signature of another solvent person as surety thereon and with the agreement with Black that he was not to be bound on the writing unless Rowlett had procured the signature of one other solvent person thereon; that Rowlett, in violation of the agreement and without his knowledge or consent, delivered the writing to Black and Black accepted it well knowing the condition on which Wagers had signed it. He also pleaded that Black, after the note became due, for a valuable consideration extended the time to Rowlett for the payment of the note for more than a year without his knowledge or consent and thereby released him from all liability thereon.

The proof on the trial wholly failed to make out the first defense. Robert Rowlett was dead and the court properly refused to allow Wagers to testify as to anything that occurred between him and Robert Rowlett. Wagers had no communication with Black until after the note fell due. He testified that at this time Black said to him, "I remember Bob Rowlett came to me and asked me to loan him some money. I told him I would loan him the money provided he would get two good men on the note.

I remember now that Bob came back to me with the note saying that the other fellow he expected to get on it was not at home, or was some place, and he failed to see him and wanted to know if I would take the note with just you as security and I told him 'yes.' '' This evidence utterly fails to show that Black had any notice of any restriction placed upon Bob Rowlett by Wagers when he signed the paper or that Black had made any agreement with Wagers in regard thereto. The court, therefore, properly refused to submit this defense to the jury.

It was shown by the evidence that Black had by written consent, for valuable consideration, given Rowlett time to pay the note, but he testified that he did this with the consent of Wagers. Wagers denied this. The issue was fairly submitted to the jury. The jury found for Black. There was evidence tending to sustain Black's testimony. The verdict of the jury is not against the weight of the evidence. Wagers cannot complain that time was given Rowlett on the note if this was done by his consent. Crutcher v. Trabue, 5 Dana 80; Spilman v. Smith, 15 B. Mon. 123.

Judgment affirmed.