# Poston v. Board of Education of the Colored Graded Common School District of Princeton.

(Decided November 12, 1926.)

## Appeal from Caldwell Circuit Court.

1. Schools and School Districts—Evidence of Contract with Plaintiff Superintendent's Predecessor Held Competent, in Action for Salary.—In school superintendent's action for salary, evidence of terms of defendant school board's contract with plaintiff's predecessor held competent, in view of evidence that plaintiff agreed to serve under same terms as predecessor.

2. Schools and School Districts.—Evidence held to support verdict for defendant school board, in school superintendent's action for salary for months in which school was not in session.

3. Schools and School Districts—Instruction Held Clearly and Properly to Present Only Issue as to Whether Superintendent was to be Paid for Months that School was Not in Session.—In school superintendent's action for salary, instruction to find for plaintiff, if he agreed to accept position at stated salary for each month that he acted as superintendent, but to find for defendant, if plaintiff agreed to act for such sum payable only for months that school was actually taught by him, held clearly and properly to present only issue.

4. Appeal and Error.—Judgment on verdict, sustained by sufficient evidence on only issue, clearly and properly presented in instruction, will be affirmed.

J. ELLIOTT BAKER for appellant.

S. D. HODGE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, E. Poston, who was the plaintiff below, was employed by the appellee on August 17, 1923, to serve as superintendent of the colored schools of Princeton, Kentucky, until July 1, 1924. He was again elected superintendent for a term of one year beginning July 1, 1924.

Princeton is a city of the fourth class and the colored schools are governed and controlled by a colored board of education as provided by section 3587a-18, Carroll's Kentucky Statutes. Section 3587a-13 of the Kentucky Statutes reads in part as follows: "The board of education shall appoint a superintendent of schools, whose

term of office shall begin on July 1 following his appointment and who shall serve for a term of one year.''

It is appellant's contention that since his contract with appellee provided he was to receive $95.00 a month for his services, he should be paid at that rate for the full period from August 17, 1923, to July 1, 1925. Appellee failed to pay him any salary for the months the schools were not actually in session, being the months of May, June, July and August, 1924, and May and June, 1925, and appellant instituted suit to recover the sum of $570.00, the amount alleged to be due him for his services during these six months. The records of appellee merely show that appellant was employed as superintendent of schools without showing the amount of his salary or the manner in which it was to be paid. Appellant testified that a written contract was entered into between him and appellee by the terms of which he was to receive $95.00 a month for his services. He was unable to produce his copy of the written contract as it had been burned when his house was destroyed by fire.

On the other hand, the members of appellee, board of education, testified that they had no recollection of any written contract and that appellee had no copy of such contract. They further testified that the contract between appellant and appellee provided that he was to receive a salary of $95.00 a month, to be paid only during such months as the schools were actually in session; that the schools were not in session during the six months for which he seeks to recover his salary and that no salary was due him under the contract for those months. One of the members of the appellee, board of education, testified that before the contract was made with appellant he told the appellant the board would pay him the same salary that had been paid to his predecessor, which was $95.00 a month for such months as schools were in session and that appellant said, ''It is mighty little but I accept it.''

Appellant complains that appellee was permitted to introduce evidence as to the contract of the board of education with the superintendent who had preceded him, but, as there was evidence to the effect that appellant agreed to serve as superintendent under the same terms as his predecessor, the evidence as to the terms of the former contract was competent. The appellant also contends that the verdict of the jury was flagrantly against

the weight of the evidence, but, as there was evidence to the effect that the contract between appellee and appellant provided that he should be paid for his services at the rate of $95.00 a month for such months as school was actually in session, this contention is without merit. He finally insists that the instruction given by the trial court was erroneous.

The court, in substance, instructed the jury that the plaintiff, E. Poston, was the superintendent of the colored schools of Princeton, Kentucky, from the time that he entered upon the discharge of his duties as such until July 1, 1925, and if the jury believed from the evidence that he agreed with the defendant that he would accept the position of superintendent at a salary of $95.00 a month with the understanding that it should be paid for each month that he acted as superintendent, then the jury should find its verdict for the plaintiff in the sum for which he had not been paid for his services, not exceeding the sum of $570.00, the amount claimed in his petition. But, if the jury should believe from the evidence that he agreed to act as superintendent of schools for the sum of $95.00 a month to be paid him for the months the school was actually taught by him as his yearly salary, then the jury should find its verdict for the defendant, provided it should believe that plaintiff had been paid the sum of $95.00 a month for the months the school was actually in session.

The instruction clearly and properly presented the only question in issue, and the jury having found against the appellant and there being sufficient evidence to sustain the verdict the judgment is affirmed.