## Pacific Mutual Life Insurance Company v. Cash.

(Decided May 1, 1928.)

### Appeal from McCracken Circuit Court.

1. Insurance.—In action on policy providing that, in event of accidental death, immediate notice should be given insurer, and proof of loss furnished within 90 days, where insurer, having notice of death a few days after it occurred, furnished blanks for preliminary particulars, but not forms for proof of loss, and made effort to settle claim by paying sick benefits after investigating case, held that such acts constituted waiver of formal proof of loss under rule that slight acts on part of insurer indicating denial of liability will operate as waiver of formal proof of loss.

2. Insurance.—In action on accident insurance policy, where insured, delirious from pneumonia, escaped by own efforts from restraining sheet, and fell from hospital window to cement pavement, dying eight hours later, question whether disease or fall caused death held for jury.

3. Evidence.—In action on accident insurance policy, where insured freed self from bed while delirious from pneumonia, and fell from window to pavement 20 feet below, dying eight hours later, held that probable consequences of such fall was matter on which knowledge and experience of jury could be applied, and, though experts were properly permitted to express opinions as to cause of death, jury was at liberty to reach contrary conclusions, if facts on which opinions of experts were predicated were in evidence, and possessed sufficient probative force to warrant result.

4. Trial.—Peremptory instruction is proper only when facts proven and inferences that reasonably can be drawn therefrom fail to establish case.

5. Appeal and Error.—Where, after court has given instructions, no further instructions are requested, and when instructions given are correct as far as they go, a party may not complain that no further instructions were given.

6. Appeal and Error.—Where jury's verdict is reasonably based on evidence, it is conclusive on courts.

EATON & BOYD for appellant.

C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is an action on an accident insurance policy.

On January 23, 1926, the Pacific Mutual Life Insurance Company insured Robert H. Cash for a term of twelve months in the principal sum of $1,500 against the effects of bodily injuries sustained during the term of the policy, and caused directly, independently, and exclusively of all other causes by external, violent, and accidental means, expressly excluding suicide, or any attempt thereat, sane or insane. The insured was an employee of the Illinois Central Railroad Company, and, on February 23, 1926, he was admitted to the hospital maintained for that railroad company's employees for treatment for pneumonia from which he was then suffering. Three days later he became delirious, and had to be restrained in bed. During that night, about 1:30 o'clock, he escaped from the restraining sheet which had been placed over him, brushed aside the resistance interposed by his nurse, and climbed out of a window, falling headlong to the concrete pavement 18 or 20 feet below. He died within a few hours thereafter.

This action was instituted by the beneficiary, Georgia Cash, widow of the insured, to recover the principal

sum named in the policy. The insurance company defended the action on the grounds that no proof of loss was furnished to it, as required by the policy, and that the death did not result from the fall, but from the pre-existing disease. The jury returned a verdict in favor of the plaintiff, and the insurance company appeals.

The policy provides that:

"In the event of accidental death, immediate notice thereof must be given to the company."

It further provides:

"5. Such notice given by or in behalf of the insured or beneficiary, as the case may be, to the company at its home office, 501 West Sixth street, in the city of Los Angeles, California, or to any authorized agent of the company, with particulars sufficient to identify the insured, shall be deemed to be notice to the company. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible.

"6. The company upon receipt of such notice, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not so furnished within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made.

"7. Affirmative proof of loss must be furnished to the company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the company is liable, and in case of claim for any other loss, within ninety days after the date of such loss.

"14. No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the policy.

"15. If any time limitation of this policy with respect to giving notice of claim or furnishing proof of loss is less than that permitted by the law of the state in which the insured resides at the time this policy is issued, such limitation is hereby extended to agree with the minimum period permitted by such law."

We find no other provisions in the policy upon the subject of notice or proof of loss.

It appears that the insurance company had notice of the death of insured in March, which was only a few days after that event. It furnished blanks for preliminary particulars of sickness disability, but did not furnish forms for proof of death. An effort was made by it to settle the claim by paying sick benefits for the period insured was confined by illness. The correspondence introduced shows that the company had investigated the case and had a file on the subject, and nothing indicates any lack of information as to the facts. It is the rule in this state that slight acts on the part of the insurance company indicating a denial of liability will operate as a waiver of formal proof of loss. 1 C. J. sec. 196, p. 478; Fidelity & Casualty Co. v. Cooper, 137 Ky. 548, 126 S. W. 111; Aetna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523.

The facts appearing with those we have mentioned, brought this case within the reason and spirit, as well as the strict letter, of the prevailing rule, and the court did not err in declining to abate the action. Kenton Ins. Co. v. Downs, 90 Ky. 236, 13 S. W. 882, 12 Ky. Law Rep. 115; American Accident Co. v. Fidler, 35 S. W. 905, 36 S. W. 528, 18 Ky. Law Rep. 161.

The most serious insistence of the appellant is that it was entitled to a peremptory instruction on the ground that the plaintiff failed to offer any evidence that the death of insured resulted from the fall, independently of the disease with which he was afflicted. It is very earnestly and ably argued that the death of Cash was due to pneumonia, or, in any event, to both the accident and disease, and was not such a death as was insured against by the written contract. The appellant's position is thus aptly put by its counsel:

"An insurance company is not liable where the death happened in consequence of an accident and a

disease, unless the disease itself resulted from or was caused by the accident. In this case the accident and death both resulted from the previously existing disease." Standard Accident Ins. Co. v. Strunk, 220 Ky. 256, 294 S. W. 1085; Salinger v. Fidelity & Cas. Co., 178 Ky. 369, 198 S. W. 1163, L. R. A. 1918C, 101; Pack v. Prudential Casualty Co., 170 Ky. 47, 185 S. W. 496, L. R. A. 1916E, 952; National Life & Acc. Co. v. Cox, 174 Ky. 683, 192 S. W. 636; Aetna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523; Fidelity & Cas. Co. v. Cooper, 137 Ky. 544, 126 S. W. 111.

The full effect of the decisions cited is expressed in the Cooper case in these words:

"If the injury or death is due to an accident without the intervention of any diseased condition of the body, the company is liable. It is not liable where the injury or death happened in consequence of the disease or bodily infirmity, and not of the accident, or where it is due both to the accident and the disease. But where the accident, and not the diseased condition, is the proximate cause of the death, the company is liable."

The evidence shows that Cash was a large man of great strength, requiring the joint efforts of several persons to restrain him in bed; that he escaped by his own efforts from the restraining sheet, and fell from the second story of the hospital to the cement pavement some 20 feet below; that his arm was broken, and his teeth knocked out, and many serious injuries sustained; that he lay helpless in a pool of blood, and was carried into the hospital, where his injuries were treated, and be remained in a practically helpless condition for about eight hours, and died. He was suffering from a severe case of pneumonia, and was delirious, but his strength prior to the accident remained sufficient to require several persons to handle him. Dr. Dowdall testified that it would depend entirely upon where the patient was injured as to the necessarily fatal effect thereof, but that the injuries which he observed on Cash might be calculated to produce his death. It was possible, and even probable, that such a fall as Cash sustained would cause internal injuries not apparent externally. He further testified that pneumonia was a deadly disease but desper-

ate cases did not always result fatally.   Dr. Buenefa testified that he found no fatal wounds on the patient. Both doctors expressed the opinion that the death of Cash resulted from pneumonia.

In addition to the testimony, the jury had the evidence of the fall and injury and the immediate effects of it on the insured.   The probable consequences of such a fall is a matter upon which the knowledge and experience of the jury may be applied.   The experts are properly permitted to express opinions, but the jury is at liberty to reach a contrary conclusion, if the facts upon which the opinions of the experts are predicated are in evidence, and possess sufficient probative force to warrant that result.   Ætna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523; L. & N. R. R. Co. v. Conn, 179 Ky. 478, 200 S. W. 952.

If Cash had been killed instantly in the fall, no one would deny the right of his beneficiary to recover on the policy in this case.   The fact that he lived a few hours after the fall, and that reasonable minds might reach opposite conclusions from the evidence, makes it peculiarly a question for the jury to determine.   No one can say with absolute assurance of accuracy that the death of Cash did, or did not, result directly from the accident, independently of the disease, and exclusively of its effects.   Whether the disease was a condition or a cause of the accident could only be determined as a fact.   Beiser v. C. N. O. & T. P. Ry. Co., 152 Ky. 523, 153 S. W. 742, 43 L. R. A. (N. S.) 1050; L. & N. R. Co. v. Napier, 223 Ky. 417, 3 S. W. (2d) 1070.

Applying the established rule that a peremptory instruction is proper only when the facts proven, and the inferences that reasonably can be drawn therefrom, fail to establish the case (Collett's Guardian v. Standard Oil Co., 186 Ky. 142, 216 S. W. 356), we conclude that the evidence was sufficient to require that the issue be submitted to the jury for determination.   Omberg v. U. S. Mutual Acc. Ass'n, 101 Ky. 303, 40 S. W. 909, 19 Ky. Law Rep. 462, 72 Am. St. Rep. 413.

The issue as to whether the death of the insured directly resulted from the fall, independently and exclusively of all other causes, was sharply submitted to the jury.   The court further instructed that, if the death of Robert H. Cash was caused by pneumonia, the law was for defendant, and the jury should so find.   The appellant offered only a peremptory instruction to find for it.

No further instructions were requested, and, when the instructions given are correct as far as they go, a party may not complain that further instruction was omitted. Ray v. Shemwell, 186 Ky. 442, 217 S. W. 351; L. & N. R. R. Co. v. Wright, 183 Ky. 634, 210 S. W. 184, 4 A. L. R. 478.

It is therefore unnecessary for us to determine whether appellant was entitled to an instruction exonerating it from liability, if the death of Cash was the result of the concurrent effects of the accident and disease. The jury reasonably could find from the evidence that the fall alone caused the death of Cash, and in such situation its verdict is conclusive on the courts. City of Newport v. Schmidt, 191 Ky. 585, 231 S. W. 54; Jackson v. Dixon, 197 Ky. 763, 248 S. W. 190; Wagers v. Black, 212 Ky. 361, 279 S. W. 342; Poston v. Board of Education, 216 Ky. 525, 287 S. W. 973.

Whilst it has had no bearing on the decision of this case, attention may be properly directed to the opinion in Illinois Central Railroad Co. v. Cash's Adm'x, 221 Ky. 655, 299 S. W. 590, where the same accident was before us in another form.

The judgment is affirmed.