## Lexington Ice Company et al. v. Williams' Administrator.

(Decided December 2, 1930.)

WALLACE MUIR, W. W. MEEKS and ALLEN, BOTTS & DUNCAN for appellants.

FRANKLIN, TALBOTT & DARRAGH for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Lexington Ice Company has prosecuted an appeal from a judgment against it for $2,000 in favor of the personal representative of Sarah Frances Williams. The action was to recover damage for the death of Mrs. Williams, which resulted from injuries sustained by her in a collision of a delivery wagon of the appellant with an automobile in which the deceased was riding. The right to a reversal is rested upon a refusal of the trial court to grant a peremptory instruction in favor of the defendant. The argument is based upon the two grounds that there was no evidence of negligence on the part of

defendant, and that plaintiff's intestate was guilty of contributory negligence but for which the accident would not have occurred. The accident happened on South Broadway in the city of Lexington. The street is 48 feet wide and is traversed in the center by a street railway track. South Broadway Park is a court facing South Broadway. The court contains a park or grass plot around which a driveway is maintained. Vehicles enter the court at the southerly side and emerge at the northerly side, but, when passing to South Broadway from the court, they are required to stop.

Mrs. Williams was riding on the right side in the rear seat of a Ford touring car driven by her husband. A little girl thirteen years old was in the front seat with her father. Mrs. Williams held a small child on her lap, and another little girl eight years old and a married daughter were in the rear seat with her. The automobile was proceeding northerly, and the ice wagon entered South Broadway from the court with the purpose of proceeding to the opposite side, and thence in a southerly direction. The ice wagon was drawn by two horses, and the tongue of the wagon entered the automobile behind the front seat, caught Mrs. Williams about the chest and jerked her and the child she was holding entirely out of the automobile. The entire top was torn from the car. Mrs. Williams was injured so badly that she died on the second day following the accident.

It is earnestly insisted for appellant that such an accident could not have happened without gross negligence on the part of the automobile driver. The rule is that, if there is any evidence of negligence proximately causing the accident and resulting injury, the question must be submitted to the jury. And in passing upon that question it is the duty of this court to take that view of the evidence most favorable to the cause of the plaintiff. Terrell v. Southern Ry. Co., 225 Ky. 645, 9 S. W. (2d) 993; Wilder v. Cadle, 227 Ky. 486, 13 S. W. (2d) 497; Pacific Mutual Life Ins. Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239; Young v. L. & N. R. Co., 228 Ky. 771, 15 S. W. (2d) 1001.

There was testimony tending to show that the ice wagon was stopped in the court some distance from South Broadway near the side entrance to a corner residence. Two men were on the ice wagon, one driving the team, and the other delivering ice. When the driver of the automobile next saw the ice wagon it was near the south-

east corner of the intersection and very close to the automobile which was approaching from the south. The driver of the car said the ice wagon was so near he did not have room to turn to the right, or to get into the court, but was compelled to swerve to the left, and just as the car reached the street car track the tongue of the ice wagon entered the car behind the front seat and struck Mrs. Williams. She and the little boy were pulled out of the automobile, and its top was torn off. The automobile was proceeding at a speed of about fifteen miles per hour. According to the testimony for the plaintiff the jury was authorized to find negligence in the operation of the ice wagon, and that it was the direct cause of the damage.

The testimony for the defendant was to the effect that the ice wagon had stopped and was standing in the street when the automobile collided with it. But the circumstance that the tongue of the ice wagon entered the automobile behind the front seat made it very difficult to sustain the argument that the automobile struck the ice wagon while the wagon was standing still.

A young lady proceeding south on Broadway, about a block north of the scene of the accident testified that she saw the ice wagon come out of the park and drive diagonally across South Broadway until it came in collision with the automobile near the edge of the street car track. Her testimony was that the ice wagon was driven rapidly into the automobile, and did not stop before the collision. Another young lady saw the accident from a slightly different standpoint. She said the ice wagon came from the park near the middle of the grass plot and hit the automobile at a point on South Broadway, near the car track. The daughter of Mrs. Williams, who was riding at her side in the back seat of the automobile, testified that the tongue of the ice wagon entered the car behind the front seat, struck her mother on the breast, and jerked her out of the car. The top was torn from the car, and the little boy was also thrown to the street.

There was other evidence concerning the circumstances of the accident, but sufficient has been said to illustrate that there was enough evidence of negligence in the operation of the ice wagon, and of proximate cause, to require submission of the case to the jury. L. & N. R. Co. v. Rowland, 227 Ky. 841, 14 S. W. (2d) 174; Caldonia Ins. Co. v. Naifeh, 229 Ky. 293, 16 S. W. (2d) 1046; Padgett v. Brangan, 228 Ky. 440, 15 S. W. (2d) 277.

Argument is advanced that Mrs. Williams was guilty of contributory negligence sufficient to preclude her administrator from the recovery of damages.

It proceeds upon the assumption that Mrs. Williams herself omitted some duty due from her in the exigency. It is conceded that the negligence of the driver of the automobile is not to be imputed to his guest. It is further conceded that there is no evidence in this case to show a joint adventure, or such right of control over the driver of the car at the time of the collision, as to make his negligence imputable to Mrs. Williams. But it is argued that Mrs. Williams permitted the driver of the automobile to operate the machine in a careless and negligent manner, and to drive unwarned into an obvious danger. It is said that she sat supinely, without raising her finger to avert the misfortune. It is correctly contended that every person is required at all times to exercise ordinary care for his own safety, and if a passenger or guest in an automobile observes a danger, and is under an active duty to advise the driver thereof, nonaction may constitute negligence, even though such person is not responsible for the negligence of the driver. That rule rests upon the fact that every one is responsible for his own failure to exercise ordinary care. Milner's Adm'r v. Evansville Rys. Co., 188 Ky. 14, 221 S. W. 207; Barksdale v. Southern R. R. Co., 199 Ky. 592, 251 S. W. 656; L. & N. R. R. v. Molloy's Adm'x, 122 Ky. 219, 91 S. W. 685, 28 Ky. Law Rep. 1113; Winston v. City of Henderson, 179 Ky. 220, 200 S. W. 330, L. R. A. 1918C 646; Stephenson v. Sharp, 222 Ky. 496, 1 S. W. (2d) 957.

The testimony relied upon to establish contributory negligence consists of the fact that the ice wagon was eight feet high, with red wheels, and white sides forming a conspicuous object on the street. And, further, that the ice wagon stopped before entering South Broadway, and was standing in the street near the street car track, when the automobile approached, and decedent had plain view of it. But all of that testimony, except as to the physical appearance of the ice wagon was contradicted. There is neither testimony nor circumstance to indicate that Mrs. Williams had any knowledge of the danger in time to have averted it. She was sitting in the back seat of the automobile with the child upon her lap, and, if she had observed the impending danger, there is nothing to show that she could have avoided it. Certainly there was no such evidence of fault upon her part as to warrant a

withdrawal of the case from the jury. Mrs. Williams, at the time of the accident, was seated in the automobile and so far as the testimony discloses, was oblivious of danger until the instant she was struck. The accident happened very suddenly and no substantial support appears for the contention that Mrs. Williams, by the exercise of ordinary care, could have averted the tragedy. The court, however, submitted to the jury an instruction that is not criticised, to the effect that it was the duty of Mrs. Williams on the occasion in question to exercise ordinary care for her own safety, and if the jury found from the evidence that she saw, or, by the exercise of ordinary care, could have seen, the ice wagon in time to have warned the driver of the automobile to stop his car in time to avert the collision, it was her duty to do so; and if she failed to perform any such duty, and such failure helped to bring about the injury from which she died, and but for which it would not have occurred, the verdict should be for the defendant. The defendant certainly was not entitled to more, and the finding of the jury upon that issue is not contrary to the evidence. Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363; Ray v. Ray, 196 Ky. 579, 245 S. W. 287.

It is clear the court did not err in submitting the case to the jury, and, since no other complaint is made, further discussion is unnecessary.

The judgment is affirmed.