## Schilling v. Heringer (two cases).
## Chalk v. Same (two cases).

(Decided Feb. 2, 1934.)

H. O. WILLIAMS for appellant Joseph Schilling.

ODIS W. BERTELSMAN for appellants John Schilling, Raymond J. Chalk and Carl Chalk.

BARBOUR & BASSMAN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

These four cases were tried together in the lower court and have been prosecuted on appeal in this court on the same record. The four appellants while riding as guests in the automobile of the appellee, driven by him, were injured when it ran into the bank by the side of the road and turned turtle. Each brought his suit for damages. Three of the appellants alleged negligence in general terms. The other alleged that the accident was caused by the negligently fast driving of the appellee. The answer in each case was a traverse accompanied by a plea of contributory negligence, in turn denied by each of the appellants. On the trial, the jury

found for the appellee, and from the judgments entered on those verdicts, these appeals are prosecuted.

The accident happened on the concrete road between Warsaw and Covington at the crest of a hill where the road, after making a long ascent from a valley, passes through a cut curving slightly as it does. The accident happened in the late afternoon. It had rained earlier that day, and the shoulders of this concrete road, being of dirt, had become very muddy. It was the theory of the appellants that the appellee driving at an excessive and dangerous rate of speed had come up the hill and because of his speed had been unable to negotiate the curve by reason of which his right wheels, front and rear, ran off the road into the mud, thereby deflecting the course of the car, and that when it was pulled back onto the road it skidded across the concrete into the bank on the far side and turned over. On the other hand, the appellee gave this version of the accident: There was plenty of mud on the road at the point where the accident happened; that as he approached that spot (to quote from his evidence):

"It seemed like the steering gear whirled out of my hands. * * * As near as I can estimate in making the curve I think I was about three feet from the curve when I was driving along this way, and then the handle, the wheel, spun, whether something broke in the car or not I will never be able to tell. * * * I think either something went wrong in the car or there was mud on the road from other people. * * * I guess trying to work that steering wheel, and I couldn't work it. * * *I know I was holding on that steering wheel with all my power and the car was skidding with me."

Another witness of the appellee testified that the accident was caused by appellee's car running into some mud on the concrete road that had washed down from the sides of the cut through which the road ran, the automobile skidding when it hit this mud. There was evidence pro and con as to whether or not the appellants, knowing the speed at which appellee was driving his car before and at the time of the accident, had taken any steps to abate the same, thus to free themselves from the charge of contributory negligence. The court in the instructions submitted the theories of contributory negligence on the part of the appellants and

negligence on the part of the appellee. It also gave·instruction No. 4, which reads as follows:

> "If the jury believe from all the evidence that the accident resulted from some defect in the automobile then and there driven by the defendant, which defect, if any, was unknown to the defendant, then the law is for the defendant, and the jury should so find."

It is conceded that under the case of Beard v. Klusmeier, 158 Ky. 153, 164 S. W. 319, 50 L. R. A. (N. S.) 1100, Ann. Cas. 1915D, 342, no complaint can be made of this instruction if the pleadings and evidence justify it. It is the theory of the appellants that a defense such as that defined in this instruction must be pleaded affirmatively, whereas it is the theory of the appellee that it may be advanced under the general denial. He reasons that where the defendant is charged either with specific acts of negligence or with negligence in general terms, it is the duty of the plaintiff to establish that negligence and that the defendant under a general denial may show that the accident happened in such fashion as to prove he was not negligent. In this we think the defendant is correct and that the defense outlined in this fourth instruction was available under the traverses filed in this case. In Newman's Pleading and Practice (2d Ed.) sec. 424b, we read:

> "The evidence under an issue formed by a mere denial of one or more of the allegations of the petition must be confined exclusively to the question whether the facts alleged in the petition and specifically denied in the answer did or did not exist before the bringing of the suit.
>
> "Such an issue, however, puts in question the existence of the fact in its full legal import or meaning. As, if the plaintiff should allege that the defendant assaulted and beat him, it would no doubt be competent, under a denial of the assault and battery, for the defendant to show that the act complained of was done in friendship, or was a matter of unavoidable accident; for the intention of the party in doing the act complained of is essential in determining whether or not it was an assault, and the quo animo must be left to the jury. If the material fact alleged is denied, any evidence is admis-

sible which tends to prove that an essential fact or ingredient is wanting to constitute the material fact denied. So in an action for the recovery of specific personal property, if the defendant deny the allegation of title in the plaintiff, he may rely upon limitation by adverse possession for five years in himself or another, or upon a gift or sale from the plaintiff, or any other fact which shows that the plaintiff had not the title at the commencement of the action.''

And so in Hollingsworth v. Warnock, 112 Ky. 96, 65 S. W. 163, 23 Ky. Law Rep. 1395, in a suit brought under section 4 of the Kentucky Statutes by a widow for the careless and wanton shooting of her husband ''not in self-defense,'' evidence either that the shooting was accidental or that it was in self-defense was held admissible under a traverse of the averments of the petition. And in Emler v. Fox, 172 Ky. 290, 189 S. W. 469, in an action for malicious prosecution, the defense of ''advice of counsel'' was held available under a general denial of the allegations of the petition. It was material to the appellants to prove that the accident here in question was caused by the negligence of the appellee. Therefore, it was admissible to establish under the traverse that such essential fact did not exist by proving that the accident happened due to causes other than negligence on the part of the appellee. The defense covered by the fourth instruction did not admit the negligence and seek to avoid the consequences thereof by new matter. It was a defense that there had been no negligence at all, the accident happening because of an unknown defect in the car. It certainly was available under the traverse. As to the proof, so much of the appellee's evidence as we have quoted, while not as clear as it might be, yet affords the scintilla which requires the court to submit an issue when supported by a scintilla to the jury. The car was so wrecked after the accident as that it could not be determined whether any defect in it prior to the accident caused the car to go off the road. The jury, as we have so often said, had the right to take all of the evidence into consideration in coming to the conclusion as to how this accident happened. It may have believed the testimony of the appellee and his witnesses that the car never left the concrete road. It may have believed the testimony of the appellants and their witnesses that there was no

mud on the road. It may have believed the testimony of the appellee that while rounding this curve the steering wheel refused to work, and if it believed all of these facts, then it had warrant for the conclusion that the accident was caused by some defect in the car. It is not claimed that the appellee knew of any such defect. Of course, the jury may have believed that the accident happened due to mud being in the road. It certainly either did not believe that it was due to any negligence on the part of the appellee, or, if it did so believe, it concluded that the appellants were guilty of contributory negligence. But enough has been said to show that there was evidence to take this case to the jury under the fourth instruction of which complaint is made.

Finding no merit in the contentions of these appellants, the judgments in each of these four cases are affirmed.