## PAPIN v. JAPHET.
### ·No. 9986.

Court of Civil Apeals of Texas. Galveston.
July 12, 1934.

Rehearing Denied July 31, 1934.

John T. Garrison, of Houston, for appellant.

Baker, Botts, Andrews & Wharton, Tom Scurry, and Albert P. Jones, all of Houston, for appellee.

LANE, Justice.

This suit was brought by Mrs. Marguerite Papin against Gus Japhet to recover damages for personal injuries suffered by her while riding in the automobile as an invited guest of Gus Japhet and his wife.

Plaintiff alleged that Gus Japhet was the driver of the automobile; that she was occupying the rear seat of the car immediately behind the driver; "that on the way to Camp Allen and while attempting to cross a small bridge on the road to the camp the east or southeast abutment of said bridge had been removed in repairing same or had been washed out to such an extent that it was dangerous to cross the same at the speed in which said appellee was driving the automobile, the front wheel of said automobile passed over the bridge, but when the rear wheel reached said abutment the automobile received a severe and sudden drop or jolt, throwing the appellant off the rear seat where she was riding against the top of the automobile, down in front of said seat, inflicting serious and permanent injuries to her which are herein complained of.

"That as a result of said accident appellant, Mrs. Papin, suffered serious and permanent injuries to her back, spine, and shoulder and serious internal injuries; that as a result of said injuries she was confined in a hospital for a period of about three months, since which time she has been confined to her bed practically all of the time and has been unable, during such period, to take any exercise or perform any service whatever and will not be able to perform any service or do any work in the future.

"That by reason of the injuries sustained from said accident, the great pain, physical suffering and mental anguish and the continued suffering during the remainder of her natural life, she has been damaged in the sum of Ten Thousand Dollars.

"That prior to the time of her injuries she was living temporarily with her daughter and son-in-law, Dan Japhet; that her daughter was in bad health and that her services were absolutely necessary; that her service in attending to her daughter was reasonably worth the sum of One Hundred Dollars per month; that by reason of her injuries she

will be unable to perform such duties as she was performing prior to her injuries, to her damage in the sum of Five Thousand Dollars. That she incurred hospital bills in the sum of $424.25, nurses' bills in the sum of $902.00, drug bills in the sum of $32.10, surgical appliances in the sum of $45.00, and doctors' bills in the sum of $500.00; that she will be forced to incur further medical and miscellaneous expenses of the reasonable value of, considering all of her injuries, mental and physical, doctors' and hospital bills, the sum of $18,000.00.

"That her injuries were the direct and proximate result of the negligence of the appellee, Gus Japhet, in the following particulars:

"(a) That the appellee was driving said automobile at an excessive and dangerous rate of speed over said road in the condition it was in at the particular time the accident occurred, and knew or could have known by the exercise of ordinary care that it was dangerous to so drive said car, in view of the condition of said road.

"(b) That the appellee, Gus Japhet, failed to exercise ordinary care to ascertain the condition of the abutments to said bridge where the accident occurred on approaching same, which condition was open and visible to the driver, Gus Japhet, but the driver drove on the same at such speed that it resulted in the accident and injuries to appellant.

"(c) That the appellee, Gus Japhet, was not exercising ordinary care in keeping a lookout for the condition of the bridge or the road along which he was driving said automobile at the time of the accident, and if he had exercised such care he could have easily seen said abutment to said bridge and observed that it was washed out or was not in condition to pass over at the rate of speed at which he was driving said automobile; that if he had been exercising ordinary care he could have discovered such defect and could have passed over the same at such rate of speed as would have avoided the accident and consequent injuries suffered by the appellant."

The appellee answered by general demurrer and general denial. In addition to the general demurrer and general denial he pleaded: (1) That the appellant, Mrs. Papin, was guilty of contributory negligence in failing to keep a proper lookout for the condition of the bridge or the road at the time and on the occasion in question; (2) that she was guilty of negligence in failing to protest against the speed at which said automobile in which she was riding was driven; (3) that she continued to ride in said automobile at the time of and on the occasion in question at the speed at which same was traveling; and (4) that she failed to warn appellee of the condition of the road and bridge at the time of and on the occasion in question.

After defining the terms "negligence," "ordinary care," "proximate cause," and "new and intervening cause," the court submitted the case to the jury on special issues.

In answer to such special issues submitted to them by the court, the jury found that the driver of the car was not driving same at an excessive rate of speed at and prior to the accident; that the driving of the car at the rate of speed at which it was being driven by the appellee, Gus Japhet, at and prior to the time of the accident was not negligence; that the driver of the automobile, Gus Japhet, was not negligent in failing to keep a lookout for any defect, if any, in the road along which he was driving; that the injuries received by the appellant, Mrs. Papin, were not the result of an unavoidable accident; that Mrs. Papin failed to keep a lookout ahead of the automobile in which she was riding as the same approached the scene of the accident; that such negligence on the part of Mrs. Papin was not the proximate cause of appellant's injuries; that such failure on the part of Mrs. Papin to keep a lookout was negligence as that term had been defined.

After having found in answer to special issues Nos. 1, 2, 8, 9, and 10, first, that the driver of the automobile was not driving the same at an excessive rate of speed; second, that the driving of the car at the speed at which it was driven was not negligence; third, that Mrs. Papin failed to keep a lookout ahead of the car at the time of the accident and that such failure was negligence; and, fourth, that such negligence of Mrs. Papin was not a proximate cause of her injuries, they found in answer to special issues Nos. 11, 12, and 13, first, that Mrs. Papin failed to protest against the speed at which the car was being driven at the time of the accident; second, that such failure was negligence; and, third, that such negligence was not a contributing proximate cause of the injuries suffered by Mrs. Papin.

Answering other special issues the jury found that Mrs. Papin failed to warn the driver of the car of the condition of the road at the time of the accident, that such failure was negligence, and that such negligence was a contributing proximate cause of Mrs. Papin's injuries, and that $891.35, if paid at once, would be a fair and adequate compen-

sation to the plaintiff for the injuries suffered by her.

Upon the answers of the jury to such special issues, judgment was rendered for the defendant decreeing that plaintiff take nothing by her suit. Mrs. Papin has appealed.

 Mrs. Papin, kinswoman and guest of appellee, Gus Japhet, who was riding on the back seat of the car immediately behind Gus Japhet, was asked upon cross-examination by counsel for Japhet if she had, prior to the time of the accident involved in the present case, ridden with Japhet. To which question she answered that she had ridden with him for five years. The witness was then asked if Japhet was not a very careful driver. Counsel for appellant, Mrs. Papin, objected to allowing the witness to answer such question, upon the ground that any answer the witness might give to the question would be but a conclusion of the witness. The court overruled such objection. Being permitted to answer, the witness said that Japhet was a very careful driver, and over the further objection of counsel for appellant she was permitted to and did testify that she never had occasion to complain of Japhet as being a careless or reckless driver, that he was a wonderful driver.

Appellant presents that the answers given by the witness to the questions propounded were but the conclusion of the witness, and for that reason inadmissible, and therefore the court committed reversible error in permitting the witness to so testify.

We overrule the contention, for two reasons: First, it being shown that the witness had been riding with Japhet for five years, she knew as a fact whether or not Japhet was a careful or reckless driver, and therefore her answers were not conclusions only, but were statements of facts known to her; second, the answers given were not only not hurtful to appellant, but they went far toward showing that appellant would not be reasonably expected to watch the road ahead of the driver to see that he did not negligently drive into an obstruction ahead of him. The undisputed evidence shows that just before and at the time of the accident Japhet was driving at the rate of only 20 miles per hour; there was no act of this known careful driver, prior to the accident, to indicate to appellant that he was departing from his usual carefulness. Under such showing it could not be reasonably thought that appellant was guilty of contributory negligence in not keeping a lookout ahead of the car so as to warn the careful driver of an obstruction which might

lie ahead of his car. We therefore say that the evidence objected to was highly important to appellant in her defense to the charge of contributory negligence made against her by appellee. Indeed, we think the evidence objected to, together with other undisputed evidence, demonstrates that appellant was not guilty of contributory negligence in not attempting to warn the driver of the condition of the road ahead of him, as found by the jury. We are of opinion that there was no evidence authorizing the submission of the question to the jury as to whether or not Mrs. Papin failed to warn the driver of the car of the condition of the road ahead of him at the time of the accident. The submission of such inquiry was error.

 At the risk of repetition, and for the purpose of disposing of another contention made by appellant, we are of opinion that under the facts as shown by the undisputed evidence Mrs. Papin was under no duty to keep a lookout for obstructions which might appear in the road ahead of the driver of the car. She had a right to rely upon the carefulness of the driver, whom she knew to be a careful driver for five years. She had no reason to anticipate that this careful driver would depart from his usual carefulness.

 It is difficult to understand how the jury, under the evidence, could have found that Mrs. Papin was guilty of negligence in not keeping a lookout for obstructions in the road; that she was negligent in not protesting against the speed at which the car was being driven, while at the same time finding that the driver was not driving at a high or dangerous rate of speed; that she was guilty of negligence in not discovering the defect in the road and warning the driver thereof, while finding that the driver, who was in the front seat, was not guilty in not discovering such defect. We are of opinion that the answers of the jury to the questions propounded are sufficient to convict the jury of bias in favor of appellee, Japhet, or prejudice against Mrs. Papin.

We here copy from appellant's brief and adopt as our own the following:

"A case typifying the judicial attitude in cases of this kind is City of Uvalde v. Stovall, 279 S. W. 889, 891, decided by the San Antonio Court of Civil Appeals in 1928, writ of error refused. In that case, plaintiff sued the city of Uvalde to recover damages sustained by her when the automobile in the back seat of which she was riding as a guest struck an excavation in the street. On appeal the defendant complained of the refusal

of the trial court to submit an issue as to the negligence of the plaintiff in failing to keep a lookout and to warn the driver of the excavation in time for him to avoid it. In holding that the issues as to contributory negligence were properly refused, the court said:

" 'The twenty-first proposition complains that the court would not submit the issue, "Was Stoner Smith or any one of the other persons riding in the automobile with him keeping proper lookout as to where they were driving?" The court correctly refused to submit such issue, because it placed upon appellee, an occupant of the car on the rear seat, the duty of keeping a lookout for Stoner Smith, who was driving the car. She was his guest, and the duty did not devolve upon her of giving instructions for driving from the rear seat. She had no control whatever over the car, and was not responsible for the manner in which it was driven. Being a guest, she was not required to assume the obnoxious role of a "back seat" driver. The negligence of the driver could not be imputed to her, and she was under no obligation to keep a lookout. Galveston, H. & S. A. Railway Co. v. Kutac, 72 Tex. 643, 11 S. W. 127. As said by the Court of Civil Appeals of the Second District of Texas, in Chicago, R. I. & G. Railway Co. v. Johnson, 224 S. W. 277, 281:

" ' "It is well settled that the negligence of the driver of a private vehicle is not ordinarily chargeable to other occupants of the vehicle who are riding at the invitation or with the consent of the driver."

" 'This proposition is upheld in all authorities on the subject. Lyon v. Phillips (Tex. Civ. App.) 196 S. W. 995; Weidlich v. Railroad Co., 93 Conn. 438, 106 A. 323; Rogers v. Portland Railway, Light & Power Co., 66 Or. 244, 134 P. 9. The twenty-second proposition raises the same question as that in the twenty-first, and both are overruled.' Chambers v. Hawkins, 233 Ky. 211, 25 S.W.(2d) 363; Lexington Ice Co. v. Williams' Adm'r, 236 Ky. 318, 33 S.W.(2d) 14.

"In Cate v. Fresno Traction Co., 213 Cal. 190, 2 P.(2d) 364, 368, a suit in which damages were sought against the driver of an automobile for the death of his guest in a collision, the court said:

" 'There was no evidence that Bruce (the driver) up to the time of the collision was not properly and carefully operating his machine.

Deceased, therefore, had no reason to be apprehensive of her safety while riding with him, or to take any unusual precaution against their running into danger. The most that can be said as to her responsibility in this regard is that, if she observed anything which might tend to endanger her safety, it was her duty to notify the driver of this danger in order that he might avoid it.' "

We agree with the further contention of appellant that the verdict of the jury is so manifestly unjust and against the great weight and preponderance of the evidence as to be clearly wrong and to require a reversal of the judgment rendered.

It is contended by appellee, however, that as the jury by its verdict found that Gus Japhet, the driver of the car, did not fail to keep a lookout, such finding acquitted him of any negligence in not seeing the hole in the road, and also by its verdict acquitted him of any and all acts of negligence charged to him by appellant, and no recovery could be had against him, even though it be found that appellant was not guilty of contributory negligence.

The undisputed evidence shows that there was a large hole in the road, and that as Japhet, the driver, approached it he was driving at a rate of speed of only 20 miles per hour. Neither appellee nor his friend, Mr. Proctor, who was sitting on the front seat by the side of appellee, both of whom had a full view of the road ahead of them and who knew whether the hole could have been seen by the exercise of ordinary care, was called as a witness for appellee. There was no intimation that anything obstructed their view of the hole.

The jury in effect found that Mrs. Papin, who was in the back seat of the car behind appellee, by the exercise of ordinary care could have seen the hole in the road, and yet they in effect found that Japhet, the driver, who was in a better situation than that of Mrs. Papin, did not see the hole. So we conclude that the finding that the driver did not see the hole in the road, or could not have seen it by the exercise of ordinary care, is so against the weight and preponderance of the evidence as to be clearly wrong.

For the reasons pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.