## Sanderson v. Finley et al.

Dec. 13, 1938.

J. D. MOCQUOT and C. B. CROSSLAND for appellant.

ADRIAN H. TERRELL and JACK E. FISHER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Affirming.

The appellant, James Sanderson, was injured while riding as a guest in an automobile driven by appellee, Joe Finley, and owned by appellee Farley Finley. Appellant, together with Joe Finley and several other boys and girls, was taking a ''joyride'' over the Baldree Road in McCracken County when the accident occurred. The car ran into a washout, resulting in the injuries of which he complains. The accident occurred about nine thirty or ten o'clock on the evening of March 6, 1936. It is claimed by appellees that the lights on the car went out for some unexplained reason just as it reached the crest of a hill, and that the driver was thereby caused

to lose control of the automobile. On a trial of the cause, a jury returned a verdict for the defendant.

The only complaint made here is of the instructions given below.

Instruction No. 2 was substantially similar to the form set out in Utilities Appliance Company v. Toon's Administrator, 241 Ky. 823, 45 S. W. (2d) 478. If the instruction is open to criticism at all, it is that it is more favorable to the plaintiff than to the defendant. Furthermore, neither the trial order nor the bill of exceptions discloses that plaintiff objected or excepted to this instruction when it was given.

There was a sharp issue of fact as to whether or not appellant was guilty of contributory negligence in failing to protest to the driver concerning the speed at which he was driving. Plainly, the court did not err in submitting this question to the jury. Lexington Ice Company v. Williams' Administrator, 236 Ky. 318, 33 S. W. (2d) 14; Winston's Administrator v. City of Henderson, 179 Ky. 220, 200 S. W. 330, L. R. A. 1918C, 646. No complaint is made as to the form of the instruction on contributory negligence and, again, no objection or exception was taken by the plaintiff at the time when it was given.

Finally, it is asserted that the court improperly instructed on the question of the claimed defects in the lights of the automobile, because there was no special plea on this score by the defendants. Aside from the fact that no complaint was made of this instruction in the motion and grounds for a new trial (although an exception was taken to it when given), a similar instruction has been approved by this court under similar circumstances. Schilling v. Heringer, 252 Ky. 624, 67 S. W. (2d) 979. Certainly no extended discussion is necessary to establish the proposition that in the absence of exceptions we will not consider the alleged errors in the instructions, and, even where such exceptions are saved, they must be brought to the attention of the trial court in the motion for a new trial before they will be available here.

Judgment affirmed.