### RUCKER v. CLARK.

Court of Appeals of Kentucky.
April 27, 1951.

Woodward, Hobson & Fulton, Louis-
ville, J. W. Hodges, Elizabethtown, for
appellant.

J. E. Wise, Elizabethtown, for appellee.

STEWART, Justice.

Appellee, Helen M. Clark, administratrix of the estate of Joe E. Clark, deceased, filed this action in the Hardin circuit court against appellant, Fulton Rucker, d/b/a West Kentucky Welding Supply Company, to recover $26,500 damages to the estate of Joe E. Clark, deceased, arising out of a collision between a pick-up truck owned and driven by Joe E. Clark and a two-ton Dodge truck owned and driven by Fulton Rucker; and the latter by counter-claim asserted damages aggregating $4922.-75 against appellee. At the conclusion of the trial the jury returned a verdict for $12,500 for appellee. A judgment was entered thereon, which appellant contends should be reversed for the following reasons:

1. The verdict was flagrantly against the evidence and the court, therefore, erred in refusing to direct a verdict for appellant.

2. The instructions given by the court are clearly erroneous.

3. The argument of appellee's counsel was improper and highly prejudicial to appellant.

The accident occurred on July 23, 1949, at about 3:30 p. m., on U. S. Highway 31-W opposite Fort Knox Airport (Godman Field) in Hardin county, Kentucky. At this place the highway has a concrete surface approximately thirty-three feet wide, divided into three lanes: a western lane for southbound traffic, an eastern lane for northbound traffic, and a middle lane for use by motor vehicles passing in either direction.

The testimony introduced at the trial in behalf of appellee was to the effect that the Clark truck was never at any time in the middle or passing traffic lane until after the collision occurred, but was proceeding northwardly in its proper, or eastern, lane when the Rucker truck, traveling southwardly, turned out of the western traffic lane to pass two motor vehicles going in its same direction and, instead of remaining in the middle or passing lane, kept bearing to the left until it struck Clark's pick-up truck over in the eastern traffic lane. Clark

was injured in the accident to such an extent that he died four days later.

Witnesses for Rucker, including himself, produced evidence to show that he was driving his truck southwardly in the western traffic lane and that he pulled into the middle lane to pass a truck and a trailer pulled by a jeep traveling in the western traffic lane immediately in front of him. At the time there was no motor vehicle visible ahead of him moving toward him in the middle or passing lane as far as he could see. After Rucker had passed the first truck and had reached the back wheels of the jeep, Clark suddenly pulled from his lane of traffic from behind another northbound car into the middle lane in front of Rucker. The trucks collided, after which Clark's truck skidded a long distance northwardly up the road. Rucker's truck, after turning over off the road on the west side, caught fire and burned, killing a Mr. Johnson, a passenger in it.

■■ In the light of the evidence we have just recited, the circuit court did not err in refusing to direct a verdict for appellant. The only two eye witnesses who testified for appellee stated, as we have noted above, that appellant drove his truck across the middle or passing lane into the eastern traffic lane for northbound vehicles and struck the Clark truck when Clark was in the eastern and his proper lane of traffic. This line of proof unquestionably attached blame for the accident to appellant. A case should be submitted to the jury if there is any evidence that a defendant's negligence proximately caused the accident. Robinson v. O'Keefe's Ex'x, 253 Ky. 256, 66 S.W.2d 37. Lexington Ice Co. v. Williams' Adm'r, 236 Ky. 318, 33 S.W.2d 14.

■ Appellant next complains of this portion of Instruction No. 1, to-wit: " * * * it was the duty of each to drive his truck as nearly as possible entirely within a single lane, and not to move from that lane until he had first ascertained that the movement could be made with reasonable safety. It was also the duty of each not to drive his truck in the center

lane, except when overtaking and passing another vehicle where the roadway was clearly visible and the center lane was clear of traffic within a safe distance."

The two sentences just quoted are in substantially the language of KRS 189.340, Sub-section 5(a) and (b) and deal with the legal requirements to be observed by the driver of a motor vehicle traveling upon, and in overtaking and passing other vehicles on, a three lane highway. This Court is of the opinion that the first sentence in the above quotation was properly included as a part of Instruction No. 1, because appellee introduced evidence tending to show that Rucker moved from the middle or passing lane over into the eastern lane where Clark was properly traveling at the time of the accident, that is, Rucker did not stay "entirely within a single lane", namely, the middle lane, and "move from that lane until he had first ascertained that the movement could be made with reasonable safety." Assuming that appellant was rightfully in the middle or passing lane, he was still under a legal obligation to stay within that lane until he could move out of it into any other lane with reasonable safety. Appellee's testimony put in issue in the case at bar the question as to whether or not appellant violated the duty imposed upon him by KRS 189.340(5) (a), and this question was one of fact that only a jury could decide under the circumstances.

█ However, when we consider the last sentence in the part of Instruction No. 1 under attack, we believe, and we so hold, that the circuit court injected a false issue into this cause of action in submitting this statutory provision to the jury as a duty of appellant. Appellee's witnesses testified without exception that Clark never left his lane of traffic, and, according to the proof on both sides, the middle or passing lane was clear of all traffic as far as every one who testified could see when appellant entered it. It was therefore improper to impose upon appellant the duty set forth in the second sentence in question, because he was rightfully and lawfully in the middle or passing lane under all of the proof introduced at the trial of this case. The giving of this particular instruction, un-

supported as it was by any evidence produced at the herein trial, was misleading to the jury, prejudicial to appellant's substantial rights and constitutes a reversible error. See Elliott v. Drury's Adm'x, 304 Ky. 93, 200 S.W.2d 141.

█ In his closing argument, counsel for appellee made this statement to the jury: "No verdict at your hands can return to the widow in this case the care and comfort and companionship of a husband of 38 years that she was entitled for * * *."

Counsel for appellant promptly interrupted at this point by objecting to this language. The trial judge sustained appellant's objection to this portion of the speech of counsel, and also admonished the jury not to consider it. However, appellee's counsel persisted in keeping this idea fresh in the minds of the jury by immediately making this further remark in a similar vein and under the pretense of agreeing with the court's ruling: "You are not permitted, ladies and gentlemen— I will make it plainer—you are not permitted to return a verdict for any amount for the loss of companionship and support for 38 years that this widow was entitled * * *."

At this juncture, appellant's counsel objected again and moved to discharge the jury, which motion was overruled. Appellee's counsel continued, however, in disregard of the court's ruling, to argue along the same line, saying soon thereafter: "If this is wrong, I ask the Court to tell you not to consider it, but no verdict that you can return in this case can fill the vacant chair at the fireside * * *."

While appellee's counsel was making this utterance, appellant's counsel objected and once more moved the court to discharge the jury. The motion was again overruled.

The insistence of appellee's counsel in pursuing the line of argument we have just recited, together with the fact that the trial judge failed twice to instruct the jury to disregard such statements, was reversible error, appellant maintains.

One will not be permitted by indirect means to acquaint the jury with facts

which he is not allowed to bring to its notice by direct evidence; and where an attorney persistently follows a course of argument, which the court rules to be wrong and which one reasonably well acquainted with the rules of practice governing the presentation of a cause before a jury must know to be improper, the conclusion is irresistible that it is done for the purpose of influencing and prejudicing the minds of the jury. We have frequently held that such conduct upon the part of counsel is grounds for the reversal of a case. Louisville & N. R. R. Co. v. Reaume, 128 Ky. 90, 107 S.W. 290, Louisville & N. R. R. Co. v. Payne, 133 Ky. 539, 118 S.W. 352, Shield's Adm'rs v. Rowland, 151 Ky. 136, 151 S.W. 408. The judgment herein, however, must be reversed for the reason above given; but, upon its retrial, this Court cautions the learned counsel for appellee to refrain from injecting into the trial of this case, directly or indirectly, the incompetent matter we have commented upon in this opinion.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.