## Payton et al. v. Norris et al.

(Decided June 19, 1931.)

(As Modified on Denial of Rehearing November 13, 1931.)

556

D. L. PENDLETON, J. M. STEVENSON, V. W. BUSH, S. T. DAVIS, M. B. HARLIN, C. B. LARIMORE, and C. E. NICHOLS, and E. C. O'REAR and ALLEN PREWITT for appellants.

JOHN E. RICHARDSON and DOWLING & BAIRD for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

On April 1, 1930, G. H. Maxey, in consideration of $760, conveyed with general warranty to W. E. Payton a tract of land in Hart county containing about twenty-six acres. The deed was acknowledged on that day before an officer, but Payton did not lodge it for record until September 29, 1930. The consideration was paid in a debt that Maxey then owed Payton. There was no house on the land. Maxey was living about a mile and a half from it on another tract of land. On July 24, 1930, Maxey executed to H. F. Norris an oil lease on the land, "in consideration of One Dollar, cash in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of the lessee." The covenants and agreements set out in the lease are these: (1) To deliver to the credit of the lessor, free of cost, in the pipe line one-eighth part of all oil and gas produced, (2) the lessor to have gas free of cost for his dwelling and to have pay for any gas used off the premises. (3) If no well was put in within a year the lessee should pay a rental of $6.25 every six months until a well was put down. H. F. Nor-

ris was in partnership with L. W. Redford, etc. He had his lease recorded on September 22, 1930, and assigned it to the partnership. Payton about this time executed a lease on the property to the Rex Oil & Gas Company, etc. They were getting ready to go to boring on the land when Norris and his associates appeared with a rig for that purpose. They brought this action to enjoin Norris and his associates from drilling on the land under their lease. Voluminous proof was taken, and on final hearing the circuit court entered judgment in favor of Norris and his associates. Payton and his lessees appeal.

The case simply turns on the priority of rights under the leases. The undisputed proof is that Norris was going around taking a number of leases in this section and learned that Maxey, who is a colored man, owned some land in the neighborhood. He went to see Maxey but did not find him at home. As he went away he met Maxey in the road with his two daughters and proposed to lease the land from him. Maxey's daughter signed his name to the lease, and as he left Norris handed his daughter $1. He made no examination of Maxey's title, and nothing was said about the title except that Maxey said he had a certain number of acres of land. The proof shows that Maxey is a very ignorant man. Payton had authorized him to rent out the land for him as pasturage, and Maxey did not know the difference between an oil lease and a pasturage lease. The lessee did not enter upon the property at any time or spend any money under the lease, as they were enjoined by Payton and his lessees from entering on the land. Section 494, Kentucky Statutes, provides:

"No deed conveying any title to or interest in land, or lease of oil, gas, coal or mineral right and privilege, for a longer time than five years, nor any agreement in consideration of marriage, shall be good against a purchaser for a valuable consideration, not having had notice thereof, or any creditor, unless the same be acknowledged by the party who shall execute the same, or be proved and lodged for record in the proper office, as prescribed by law, and the provisions of this section shall apply with like protection to the creditor of, or innocent purchaser from, the heir or devisee of the grantor."

It is insisted for the appellees that, as the lease was made in consideration of $1 in hand paid, it was made for a valuable consideration, and that therefore, under

the statute, it is superior to the rights of Payton under his deed, or those claiming under him. The purpose of the statute was to protect purchasers for value. The statute must be liberally construed to effectuate its purpose, Kentucky Statutes, sec. 460; and such words as "may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such meaning." While $1 in hand paid is a valuable consideration ordinarily, it may not be sufficient under the statute where it is not the whole consideration; for the purpose of the statute was only to protect the purchaser for value. Thus it had long been the rule that, if the purchaser had not paid the consideration or had only paid part of it, he was not entitled to protection under this statute, at least so far as he had not paid the consideration when he had notice of the prior conveyance.

The substantial consideration for the lease was the agreement to put down a well within a year or thereafter pay a certain rental until a well was put down and deliver to the use of the lessor one-eighth of the oil received when put in pipes. In substance, the case is the same as in Rader v. Chaffer, 186 Ky. 802, 218 S. W. 292, 293, where, upholding the prior unrecorded title, the court said: "To bring a case within the rule which affords protection to a bona fide purchaser without notice, the purchase money must in fact have been paid before notice. Hence, the purchaser of property takes it subject to a prior equity if he acquires notice thereof at any time before payment of the consideration. Winlock v. Munday, 156 Ky. 806, 162 S. W. 76; Smith v. Orton, 131 U. S. lxxv, Appx., 18 L. Ed. 62. Here the consideration was $1 cash, a certain royalty, and an agreement to pay $200 to the lessor to clear his title. It may be conceded that this consideration is sufficient (Armitage v. Mt. Sterling Oil & Gas Co., 25 Ky. Law Rep. 2262, 80 S. W. 177; Gas Co. v. Eckert, 70 Ohio St. 127, 71 N. E. 281), but the sufficiency of the consideration is not controlling. The question is, Was the consideration paid when plaintiff acquired notice of the prior lease? It does not appear that prior to that time he had paid the $200, or begun to develop the property, or incurred any expenses for that purpose, but had merely paid the sum of $1. In other words, he had paid only the nominal consideration, and had not paid any portion of the real consideration for the lease. Under these circumstances it cannot be said that he had paid the consideration before

he had learned of the existence of the prior lease, even though it be conceded that he was a purchaser within the meaning of the statute.''

Here as in that case the moving consideration was not $1 cash in hand paid, but was the covenant to put down a well and give the lessor one-eighth of the oil. Here as there nothing had been done under the lease. The prior title should prevail here no less than in that case. See Ward v. Trotter, 3 T. B. Mon. 1; Blight v. Banks, 6 T. B. Mon, 192, 17 Am. Dec. 136; Nantz v. McPherson, 7 T. B. Mon. 597, 18 Am. Dec. 216; Winlock v. Munday, 156 Ky. 806, 162 S. W. 76; Kentucky River Coal Corp. v. Sumner, 195 Ky. 119, 241 S. W. 820.

Judgment reversed, and cause remanded for a judgment and further proceedings consistent herewith.