# Smith v. Board of Education of Ludlow, Ky.

(Decided Feb. 25, 1936.)

ROUSE & PRICE and JOHN J. HOWE for appellant.
JACKSON & WOODWARD for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Ludlow, Ky., is a city of the fourth class and maintains a city school as provided in section 3587a-13 Kentucky Statutes.

Appellant had been superintendent of the city school previous to the year 1932, and in March of that year the city board of education again appointed him superintendent of the school for a four-year term beginning July 1, 1932, and ending July 1, 1936. Some time after his last appointment great confusion and discord arose between him and the members of the board of education, and it appears that this confusion spread to the entire faculty, patrons, and pupils of the school.

Appellant made complaint to the State Board of Education that certain members of the board, and particularly its president, were interfering with his duties as superintendent and attempting to usurp certain powers and authorities conferred by law on the superintendent of the school, and that by reason thereof discord and confusion had permeated the school. The State Board of Education, by the superintendent of public instruction, James H. Richmond, requested appellant to make his complaint in writing supported by proper affidavits in order that a proper investigation of the matter be made. Soon thereafter a number of taxpayers, citizens, and patrons of the school, together with the appellant, filed their respective affidavits embracing therein numerous acts of misconduct on the part of the members of the board, and particularly its president, which indicated that the board was in fact attempting to usurp and perform certain duties conferred by law upon the superintendent of schools. Pursuant to this complaint the State Board of Educa-

tion notified the members of the Ludlow board to appear before it at Frankfort, Ky., on a date fixed to answer the charges. After an extensive investigation upon which much proof was taken, the State Board of Education dismissed the charges, but reprimanded the board of Ludlow for its conduct with respect to its interference with the duties and powers of the appellant as superintendent.

Soon after these charges were disposed of, the board of education of Ludlow preferred charges against appellant to remove him from his office as superintendent of the school. The charges read:

"Comes now the Board of Education of Ludlow, Kentucky, by and through its members, Bessie A. Doerr, Lucas Floyd, George Vandventer, Oscar McKnight, Leroy Bennett and M. C. Northcutt, and charge J. W. Smith, Superintendent of the Ludlow City Schools with misconduct in office, incompetency, insubordination and willful neglect of duty as follows:

"1. That the said J. W. Smith conspired with one C. E. Loomis, G. C. Jackson, M. L. Gregory and W. C. Houze, to bring charges against complainants herein before the State Superintendent of Public Instruction and the State Board of Education for the purpose of having these complainants, Members of the Board of Education of Ludlow, Kentucky, removed from office, and pursuant to said conspiracy the said C. E. Loomis et al filed charges against these complainants with James H. Richmond, Superintendent of Public Instruction, in Kentucky, on January 9th, 1934, charging these Complainants with misconduct in office, incompetency, insubordination and willful neglect of duty. Said charges came on for hearing before the State Board of Education on February 3rd, 1934, and the testimony was had thereon, and, thereafter, on February 17th, 1934, the State Board of Education dismissed said charges and refused to remove these complainants from office.

"The said J. W. Smith promoted and encouraged and secured the said C. E. Loomis et al to file said charges, and the said J. W. Smith employed counsel for the purpose of prosecuting said

charges, secured witnesses from the faculty of the Ludlow Public Schools and others to go to said trial at Frankfort, Kentucky, to testify and had general control of the preparation and organization of the case which the said C. E. Loomis et al presented to the State Board of Education against these complainants, members of the Board of Education of Ludlow, Kentucky.

"2. That the said J. W. Smith by reason of his conduct, actions, management and treatment of the various members of the faculty of the Ludlow Public Schools, has caused a division in said faculty so that a part of said faculty are in favor of the said J. W. Smith and another part of said faculty are opposed to him; that he is barely on speaking terms with many members of said faculty and that these members who are in favor of the said J. W. Smith are unfriendly with the members of the Board of Education; that as a result of said conditions the work being done in the Ludlow Public Schools is suffering serious injury and damage; that said division and condition was brought about by the said J. W. Smith.

"It is further charged that by reason of the conduct of J. W. Smith, as set out and described in ground No. One, that the faculty has been divided into two groups, those supporting J. W. Smith in the prosecution of the charges against the Board of Education set out and described in ground No. One, and those opposed to him; that these groups of teachers are likewise not on friendly terms; that the discipline among the pupils in the Ludlow School has become very bad; that students have not been studying; that insubordination among the students is growing, and that the morale of the entire school, including the faculty and the pupils has been greatly lowered by reason of the conduct of the said J. W. Smith.

"3. That the said J. W. Smith for the past year has failed to and has been unable to secure the proper discipline in the schools; that many of the students have been suspended or expelled and have received corporal punishment and that the parents have on many occasions complained and

requested investigations and hearings before the Board of Education.''

The evidence was taken upon the charges, and the board entered an order sustaining them and dismissed appellant from his office as superintendent of the school.

Thereupon appellant brought this suit in the Kenton circuit court, seeking to enjoin the board from enforcing the order and asked that the same be canceled and the board be required to enter an order reinstating him to his position as aforesaid. Upon a hearing of the case the chancellor denied the relief sought and dismissed the petition, and to reverse that judgment he has prosecuted this appeal.

First, it is insisted by the board of education of Ludlow, appellee, that the term for which appellant was appointed superintendent of schools previous to the order of appointment in March, 1932, had expired, and that the last order was invalid because it purported to appoint him for a term of four years, whereas, pursuant to an order adopted by the Ludlow board in 1927, the superintendent of such schools could be appointed for a term of one year only. We do not think there is any merit in this contention, since section 3587a-13, Kentucky Statutes, as amended by chapter 61, Acts 1928, authorizes the board to employ a superintendent of schools for a term of one, two, three, or four years.

The board of education derives all its powers from the Legislature and can exercise no power not expressly or by necessary implication granted to it; nor can it deprive itself by its own actions of the powers that are given it, nor enlarge or diminish them. Heyker v. McLaughlin, 106 Ky. 509, 50 S. W. 859, 51 S. W. 820, 20 Ky. Law Rep. 1983; Dillon on Municipal Corp. (4th Ed.) sec. 317; 56 C. J. p. 332, secs. 202 and 204.

It will be seen that the order or rule adopted by the board in 1927 is in conflict with the statute conferring upon the board authority to make such appointment for a term of four years. If the order were controlling it, it would, in effect, repeal the statute. But if it be conceded, however, that the order was valid at the time it was made, in view of the statute as amended by the acts of 1928, subsequent to the entry

of the order, it will be presumed that the board made the appointment under the authority conferred by the statute.

The next question to be determined is: Was appellant's participation in 'bringing the charges against the members of the Ludlow board of education sufficient grounds to dismiss him from the office of superintendent of the school?

If appellant had no reasonable grounds or probable cause of complaint against the members of the board, and had acted maliciously, a different question might have been presented. But it is shown by the great preponderance of the evidence, if not conclusively, that the members of the board had exceeded their authority and had attempted to perform many duties and functions properly belonging to the superintendent. While the State Board of Education did not remove the members of the Ludlow board from office, the letter from the State Board written by James H. Richmond, then superintendent of public instruction, to the president of the board of education of Ludlow school, contained many statements indicating that the State Board did find that the conduct of the members of the Ludlow board toward appellant as superintendent was reprehensible. We quote certain excerpts from the letter:

"The evidence showed that at a meeting of your board of education and its faculty you, as president of the board, made an address, which contained rather intimidating statements. It does not appear that such a procedure is the discreet thing for the president or any member of the board of education to do. The address which you read as a part of the evidence indicates that you requested the teachers to file with you a detailed schedule of their work, etc. Such schedule and information should be filed by the teachers with the superintendent of the school. * * * In your address, I believe you stated that the teachers were employed 'month by month for this year.' Such employment does not seem to be sanctioned by the common school laws of this state."

The letter mentioned many other irregularities and misconduct on the part of the board, indicating that

they had intruded upon the rights and duties of the superintendent, and the letter concluded by saying:

"For the board to assume the responsibilities and duties of the Superintendent cannot be defended."

Upon an examination of the evidence for ourselves, we find that it supports the conclusion that the board of education had taken charge of the school in practically all its details and had attempted to usurp and perform most all the duties which the law expressly and by necessary implication confers upon the superintendent.

There is no escape from the conclusion that appellant had reasonable grounds for complaint against the members of the board of the Ludlow school; and, once a legal right or such grounds and circumstances that are sufficient to induce a reasonably prudent minded person to believe he had a legal right are shown, the law stops there and will not inquire into motive. Board of Education of Wurtland Independent School District et al. v. Steven et al., 261 Ky. 475, 88 S. W. (2d) 3, and cases cited therein.

Section 3587a-13, Kentucky Statutes, provides that the superintendent may be removed by four members of the board "for cause." All words and phrases used in the statute as may have acquired an appropriate meaning in the law shall be construed and understood according to such meaning. Payton v. Norris, 240 Ky. 555, 42 S. W. (2d) 723.

In Thomas, Mayor, v. Thompson, 102 S. W. 849, 31 Ky. Law Rep. 524, the word "cause," as used in section 3504, Kentucky Statutes, was defined by this court to mean "good cause"; that is, legal cause.

In 22 R. C. L. p. 571, sec. 822, the rule is stated as follows:

"The word cause in a statute authorizing the removal of officers for cause means legal cause and not any cause which the board authorized to make such removal may deem sufficient. It is implied that they cannot be removed at the mere will of those vested with power of removal or without any cause. It must be a cause relating to and affecting the administration of the office and must be restricted to something of a substantial nature directly affecting the rights and interests of the public."

Where an officer holds for a fixed term and is removable for cause only, it is essential to a valid removal that the charges be legally sufficient. Henderson v. Lane, 202 Ky. 610, 260 S. W. 361.

From an examination of the charges it will easily be seen that they do not meet the requirements of the statute.

No. 1. The substance of this charge is nothing more than that appellant acting in concert with certain others, preferred charges against the members of the board for the purpose of having them removed from office and upon a trial of the charges they were dismissed.

It will be noticed that the word "conspiracy" is used in the charges. As a legal term the word "conspiracy" means a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means. The charges do not constitute an unlawful act or an attempt to do a lawful act by unlawful means. What appellant did was a lawful act and done in a lawful manner.

If appellant conceived himself aggrieved by the conduct of the members of the board by interfering with his lawful rights and duties as superintendent of the school, it was not only his legal privilege, but also his duty, to bring the matter to the attention of the proper authorities and thereby have the rights of the respective parties determined according to established legal principles. The right of applying to those invested with the power of government for redress of grievances or other proper purposes, by petition, address, or remonstrance, is a constitutional one. Kentucky Constitution, sec. 1, subsec. 6. And the courts and other tribunals are always open to all citizens to assert their rights, and the mere failure to sustain a charge will not of itself subject one to any form of penalty. Otherwise people would be deterred from asserting rights to which they may be entitled. In bringing the charges against the members of the board, appellant was not acting in his official capacity as superintendent of schools, but in an individual capacity as a citizen, and therefore such act did not constitute insubordination as an official.

We will discuss charges 2 and 3 together, since their import, separately or collectively, is in substance the same.

These charges relate to the discord and confusion among the faculty, patrons, and students of the school, presumably resulting from the differences between appellant and the members of the board, and more particularly because of the charges preferred against the board by appellant. Our conclusions reached on charge No. 1 is a sufficient answer to charges 2 and 3. They are obviously insufficient.

We are not unmindful of the rule that school boards are given a reasonably wide discretion in removing teachers and other employees when any legal cause is charged and supported by any evidence of a substantial nature. But this does not mean that such boards may rescind their contracts and discharge such employees for some fanciful or imaginary cause to suit their own ideas. If such had been the intention of the Legislature, evidently it would have provided for their removal at will, or without cause, instead of "for cause."

The facts in this case measured to the authorities herein cited impel us to the conclusion that neither the charges nor evidence were sufficient to remove appellant from his office.

The judgment is reversed and remanded, with directions to set it aside and for proceedings consistent with this opinion.

The whole court sitting.