## SMITH v. BOARD OF EDUCATION OF LUDLOW, KY.

### No. 8208.

Circuit Court of Appeals, Sixth Circuit.

May 9, 1940.

William Price, of Covington, Ky. (John J. Howe and Rouse, Price & Adams, all of Covington, Ky., on the brief), for appellant.

Helm Woodward, of Cincinnati, Ohio (Jackson & Woodward, of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

SIMONS, Circuit Judge.

The appeal challenges as inadequate a judgment in favor of the appellant for salary as Superintendent of Schools for the City of Ludlow, Kentucky. Having been wrongfully discharged with a de facto Superintendent functioning in his place, the District Court deducted from his salary the amount paid by the School Board to the de facto superintendent, and the appellant's grievance is that he should have been allowed to recover the agreed salary as upon a contract with the Board for specific compensation for a stated term.

The facts are not in dispute and were stipulated. On March 1, 1932, the Board of Education adopted the following resolution:

"The Teachers and Salary Committee recommended that the salary of the Superintendent be set at $4,000.00 per year with an increase of $150.00 per year and that Mr. Smith be employed and given a contract for four years.

"Moved by Mr. McKnight, seconded by Mr. Krieger that the Superintendent's salary be set at $4,000.00 per year and that Mr. Smith be employed with contract for four years with an increase of $150.00 per year."

In pursuance of this resolution the appellant accepted the office of Superintendent of the Ludlow Public Schools, took the oath of office, and on July 1, 1932, entered upon the discharge of his duties. On March 23, 1934, the Board sustained charges against him and entered an order removing him as superintendent, and on the same date appointed John S. Brown Acting Superintendent from that date to June 30, 1934, and as Superintendent from July 1, 1934, to June 30, 1936, with compensation of $3,000 per year.

Upon his removal the appellant sued Brown and the then members of the Board in the Circuit Court of Kenton County, Kentucky, seeking vacation of the removal order and reinstatement. The judgment of the Circuit Court being adverse, the appellant took an appeal to the Court of Appeals of Kentucky where the judgment was reversed and the removal order held illegal and void. Smith v. Board of Education of Ludlow, 264 Ky. 150, 94 S.W.2d 321, 324. A mandate issued June 9, 1936, and judgment was entered in the Circuit Court in pursuance thereof. On September 8, 1936, the appellant brought the present suit in the District Court of the United States, which entered judgment in his favor upon the pleadings and stipulation of facts, for the amount of compensation provided in the resolution of appointment, after crediting thereon the amounts already paid to him and the amounts paid to Brown as compensation from June 30, 1934, to June 9, 1936.

The contention of the appellant is that the resolution adopted by the Board of Education on March 1, 1932, became by the appellant's acceptance of the employment therein mentioned, a contract, and that the defendant is liable for the stated compensation without deduction of amounts paid to Brown. The argument is that the appellant was not a public officer either of the State of Kentucky, or of one of its political divisions, but a mere employee of the Board of Education with whom the Board, under applicable statutes, had a right to contract for services. The statutes relied upon include § 3587a-1, 3587a-2, Kentucky Statutes, 1930, which provide that the Board of Education shall be a body corporate; that it may sue and be sued; contract and be contracted with, and to do all necessary things to accomplish the purpose for which it is organized, and shall have power to appoint such officers, agents and employees as it may deem necessary and fix their compensation and term of office. § 3587a-13 provides that the Board of Education shall appoint a Superintendent of Schools and that the appointment may be for a term of 1, 2, 3 or 4 years, but not exceeding 4 years. The effect of these statutes, it is contended, is that a Board of Education has no legislative powers; such powers residing solely in the legislature; that the legislature has never fixed the salary of a Superintendent of Schools and that the Board of Education is without power to fix such salary as appurtenant to a public office though in the exercise of conferred administrative powers it may employ such officer and enter in-

to contractual obligation for his compensation. The appellant points to what the court said in Smith v. Board of Education, supra: "A board of education derives all its powers from the Legislature and can exercise no power not expressly or by necessary implication granted to it."

It is further urged that the Court of Appeals of Kentucky in Poston v. Board of Education, 216 Ky. 525, 287 S.W. 973, clearly adjudicated that a Superintendent of Schools under a fourth class city school charter, obtains his right to compensation for services only by virtue of a contract with the Board of Education. This is but an inference drawn from the decision, however, since no compensation was in that case recovered on any theory. The records of the Board failed to show the amount of Poston's designated salary or the manner of its payment, and his allegation that there was a written contract was not supported by production of the instrument. The jury found against Poston upon appropriate instructions of the court, and upon appeal the judgment was affirmed. The court did not undertake to adjudicate the character of an instrument not produced.

No case has been cited which sustains the inference sought to be drawn from the Poston case, or approves the principle for which it is urged as authority. On the contrary, the law appears to be well settled in Kentucky that a municipality is a political subdivision of the State and that when such political entity pays the salary of a de facto officer who performs the duty of the office before a judgment of ouster, the de jure officer cannot recover the salary so paid from the political subdivision of the State but must look to the de facto officer for recoupment. The principle invoked appears to be that the public is to be protected from paying twice for the same services. As was said in Walters v. Paducah, Ky., 123 S.W. 287, 288: "In every case there is necessarily a contest between the de facto and de jure officers. The duties of the office must be performed. The city, through its officers, must recognize one or the other. That officer who has possession of the office and is in charge of all of its records, and who under the ordinances of the general council pays out the money of the city to settle claims against it, and is thus recognized as the acting officer, is as a matter of fact the de facto officer, although another party may be assuming to perform certain duties of the office, without recognition of his right to do so by the authorities of the municipality. The municipality will not be held responsible for the mistake of its officers in recognizing the wrong claimant. The question does not turn on whether or not a salary was paid to the de facto officer with notice of a contest or claim by another party. In nearly every instance such is the case. The question turns on whether or not payment is made before or after judgment of ouster. In the case before us, payment was made before judgment of ouster. That being the case, the city of Paducah will not be required to pay the same salary for the same period of time to the de jure officer."

That the appellant was a public officer of the City of Ludlow is not open to serious controversy. The statute, § 3587a-13, provides for the "appointment" of a superintendent and refers to his "term of office." It permits discretion to be exercised by the appointing power as to the length of the term, subject only to the four year limitation. The concept of public office does not embrace the usual rights of a private contract. City of Louisville v. Thomas, 257 Ky. 540, 78 S.W. 2d 767, 768. So it is not material that the resolution of appointment employed terms applicable to a private contract. As was said of the office involved in City of Louisville v. Thomas, supra, "The position is created, defined, and controlled by law, and does not arise out of, nor is it dependent upon, contract. It possesses every essential element of a public office within the meaning of the quoted provisions of the Constitution as defined by this court and by other courts and text-writers."

The status of a County School Superintendent in Kentucky as a public officer is definitely settled by Board of Education of Boyle County v. McChesney, 235 Ky. 692, 32 S.W.2d 26, 29. The court there held such an appointee to be a public officer with his appointment not subject to rules applicable to contracts. In appointing a Superintendent of Schools, the "board of education was exercising public authority," and, "We do not hesitate to hold that a county superintendent of schools is an officer, and not an employee."

The contention that Smith v. Board of Education, supra, is res judicata of the present issue is not persuasive. It is based upon an observation in the opinion, "this

does not mean that such boards may rescind their contracts and discharge such employees for some fanciful or imaginary cause to suit their own ideas." The sole issue presented to the Kentucky Court of Appeals and by it adjudicated, was whether there had been a wrongful discharge of the appellant as Superintendent. No question arose as to whether he held the position as a public officer or as an employee under contract. The court decided that he was unlawfully discharged,—all else is dicta.

■ Likewise must we reject the contention that the rule of immunity from liability to a de jure officer for payments made to a de facto officer is not applicable in the present case because Brown was merely an Assistant Superintendent and not the Acting Superintendent, and so not a de facto officer in place of the appellant. The resolution of the Board designated Brown as Acting Superintendent, and he performed the duties of the discharged appellant. The designation of Brown is clear and unambiguous and its practical construction is in accord. The court is without power to say that he functioned in any capacity other than that designated by the appointing power.

The judgment below is affirmed.