Hobart **HOSKINS** et al., Members of the Leslie County Board of Education and Leslie County School District, Appellants,

v.

Earl E. **KEEN**, Appellee.

Court of Appeals of Kentucky.

Sept. 29, 1961.

Rehearing Denied Nov. 22, 1961.

Logan E. Patterson, Robert B. Berger, Pineville, Denver Adams, Hyden, for appellants.

Roy House, Manchester, Donald Duff, Hyden, for appellee.

WILLIAMS, Judge.

On March 1, 1961, the Board of Education of Leslie County conducted a hearing relating to charges of irregularity in the administration of the duties required of appellee Earl E. Keen, superintendent of schools of Leslie County. Following the hearing which lasted for four days, the Board dismissed appellee as superintendent of schools, and as secretary of the Board. Appellee then filed complaint in Leslie Circuit Court and Honorable G. E. Reams was appointed special judge. It was stipulated by the parties that the only evidence to be considered by the court was that evidence which was heard before the Board. The circuit court found that the evidence was not sufficient to establish and sustain the charges preferred against the appellee; not sufficient to show legal cause for his removal from office; and that the Board was in error and acted arbitrarily, capriciously, unlawfully, wrongfully, and without credible, competent and relevant evidence, and transcended its authority and abused its discretion in removing appellee from office. The Board has appealed from the judgment entered in the Leslie Circuit Court.

A superintendent may be removed for cause by a vote of four members of a board of education. KRS 160.350. It was said in Bourbon County Board of Education v. Darnaby, 314 Ky. 419, 235 S.W.2d 66, 70:

"The word 'cause' in a statute authorizing the removal of officers for cause means legal cause, and not any cause which the Board authorized to make such removal may deem sufficient. * * * It must be a cause relating to, and affecting, the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public."

See also Smith v. Board of Education of Ludlow, 264 Ky. 150, 94 S.W.2d 321.

KRS 160.390(2) provides in part:

"The superintendent shall devote himself exclusively to his duties. He shall exercise general supervision of the schools of his district, examine their condition and progress, and keep himself informed of the progress in other districts."

Appellee was given notice of ten separate charges which had been placed against him and concerning which proof was taken at the hearing on March 1, 1961. Among the charges set out were the alleged failure to devote his time exclusively to his duties; the failure to examine the condition and progress of certain schools in his district; and the failure to exercise general supervision of the schools in the district, all as

required by KRS 160.390(2). Failure to perform duties prescribed by law is cause for removal.

■ We need not concern ourselves with other charges set out in the notice, for it has been held that one ground for removal, if supported by competent and relevant evidence, is sufficient to justify removal. Starns v. Board of Education of Bourbon County, 280 Ky. 747, 134 S.W.2d 643; Meade County Board of Education v. Powell, 254 Ky. 352, 71 S.W.2d 638; Howard v. Bell County Board of Education, 247 Ky. 586, 57 S.W.2d 466.

■ Before examining any of the testimony taken before the Board it will be well to review the relative positions of the Board and of the court in an action such as this. In the Meade County case, supra, it was pointed out that the court does not review the evidence, weigh it, and enter judgment as might be found proper in the premises. Courts do not retry cases like this. "To do so would be to exercise an appellate jurisdiction over the action of this board which the legislative department has not conferred upon this court or upon the circuit court, to whose jurisdiction we have succeeded by this appeal." [254 Ky. 352, 71 S.W.2d 640.] Courts cannot inquire into the motives of the Board and cannot say the testimony of one witness should be believed rather than that of another. In the Howard case, supra, we said that, if a county board of education does not abuse its discretion by acting arbitrarily, corruptly, capriciously, or upon insufficient charges, and its findings are based upon competent and relevant evidence, its acts are final and not subject to review by the courts.

■ An examination of the charges preferred against the appellee shows that he was specifically accused of failure to perform duties which the law requires of a superintendent of schools. If there was competent and relevant evidence of substance before the Board which would reveal failure of the appellee to have performed those required duties, then it is not within the province of this or the circuit court to say that the Board acted unlawfully in removing the superintendent from office. As was stated in the Meade County case, supra, the removal might be politic or impolitic, commendable or uncommendable, wise or otherwise, but, if there is competent evidence to sustain it, it is not unlawful.

Without going extensively into the voluminous testimony taken before the Board, we recognize that there were statements made which would have justified the Board to conclude that the appellee was unfaithful in the performance of his duties. Witnesses testified that they visited appellee's office many times during working hours only to be advised that he might be found at a place of business in which he apparently had an interest; that he had not personally examined the condition of each school in his district; that he had authorized the use of school equipment by private persons not on school business; that board minutes were improperly recorded, etc. Whether such a case was made out against him as would convince us that he had been derelict in his duties, we need not decide. Certainly the learned judge who decided the case in circuit court felt that a case had not been made against appellee. Certainly it could be believed that the appellee was available 24 hours a day for the performance of his duties at home as well as in his office. There was substantial testimony on each side, and the Board could reasonably and justifiably have chosen to believe either set of witnesses. For us to say, however, that one set should be chosen over the other would be to exercise a right which is not ours. The Board chose to believe the witnesses who testified to facts which indicated the appellee was not performing the duties required of him by law. This it had a right to do. The trial court erred when it enjoined the Board from removing appellee from his office.

The judgment is reversed.

BIRD, C. J., not sitting.