Pat R. BELL, Appellant,

v.

BOARD OF EDUCATION OF McCREARY COUNTY,

Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 6, 1970.

**230**

A. James Higgs, Ben B. Fowler, Dailey & Fowler, Frankfort, G. W. Hatfield, Jr., Whitley City, for appellant.

William H. McCann, Brown, Sledd & McCann, Lexington, for appellees.

PALMORE, Judge.

The appellant, P. R. Bell, was appointed Superintendent of Schools of McCreary County for a 4-year term beginning on July 1, 1967. In February of 1969 the Board of Education of McCreary County spread upon its minutes charges for his removal. See KRS 160.350. He was duly notified of the charges and filed a response denying them, requesting a hearing, and demanding that the members of the board disqualify themselves from hearing the charges on the ground that they were biased and prejudiced against him. The board did conduct a hearing, but none of its members disqualified, and at the end of the hearing he was removed by unanimous vote. He challenged this result by an appropriate action in the McCreary Circuit Court alleging the removal was arbitrary. After reviewing the record of the hearing before the board the circuit court denied relief and dismissed the suit. Bell appeals. We affirm the judgment.

The appellant's contentions are that (1) the board's order removing him should be set aside because its members refused to give their depositions or submit to examination into their possible prejudice, as had been requested by appellant prior to the board hearing, (2) the charges against him were not sufficiently specific, and (3) the evidence was insufficient to support the charges or to sustain a valid cause for removal.

KRS 160.350 provides that a school superintendent may be removed "for cause" by a vote of four members of the board of education. The word "cause" in this context has been defined as a "legal" cause, that is, "a cause relating to and affecting the administration of the office and * * * restricted to something of a substantial nature directly affecting the rights and interests of the public." Smith v. Board of Education of Ludlow, 264 Ky. 150, 94 S.W.2d 321, 325 (1936), quoting from 22 RCL § 822; Hoskins v. Keen, Ky., 350 S.W.2d 467, 468 (1961). The sufficiency of the cause is a question of law for the courts. Graham v. Jewell, 204 Ky. 260, 263 S.W. 693, 697 (1924).

The specified charges must, of course, be definite enough to give the accused a fair opportunity to defend himself. Cf. Graham v. Jewell, 204 Ky. 260, 263, S. W. 693, 698 (1924). KRS 160.350 does not

provide for a hearing by the board, but requires only that the superintendent be given written notice of the charges 15 days before action is taken on his removal. Presumably, the statute envisions that the procedural method by which a person thus removed may attack the board's action is by alleging and proving in a court of competent jurisdiction that the charges were not true or, if they were of so little gravity or relevance to his work as not to afford a reasonable basis for the removal, by seeking a judgment to the effect that as a matter of law they constituted insufficient "cause." However, it appears to be a customary practice for the board to follow up its charges with a hearing in which, inevitably, it must assume the equivocal role of both prosecutor and judge, as was done in this instance. The procedural aspect of this kind of proceeding bears scrutiny because of its relationship to the question of arbitrariness. The law does not require the board to conduct any hearing at all. If it does have one the accused superintendent loses nothing by it, since it cannot in any way restrict his right to establish in a court of law that the action of the board was arbitrary. The court is the field of battle.

■ We are thus brought to the appellant's first argument, which is that the board's action should be set aside because its individual members refused to submit to examination by deposition prior to the hearing, hence preventing appellant's inquiring into their possible prejudice against him. It was observed in Board of Education of Ashland School Dist. v. Chattin, Ky., 376 S.W.2d 693, 697 (1964), that orderly procedure being essential to the fairness of any hearing, the parties are entitled to the benefit of discovery despite statutory omission to provide for it. And in Osborne v. Bullitt County Board of Education, Ky., 415 S.W.2d 607, 610 (1967), expressing concern over the procedure which requires a teacher to submit to trial at the hands of his accusers, we held that the members of the board should submit to examination.

Both of these cases, however, arose under KRS 161.790, which applies to teachers rather than superintendents and expressly requires the board to conduct a hearing before it may enter an order of dismissal. Our conclusion is that since under KRS 160.350 a hearing is not necessary in the first place, the absence of order and fairness in its conduct cannot be prejudicial. The hearing simply has no legal significance, though as a practical matter it provides the accused superintendent a gratuitous opportunity to learn details he might otherwise have to delay obtaining until his lawsuit is filed. In other words, for whatever it is worth the hearing can help the accused but it cannot hurt him.

■ We do not know exactly how the transcript of proceedings before the board got into the circuit court record, but it did, and evidently by tacit consent it was used in lieu of the introduction of original proof. In its answer the defendant board and its members asserted they had no objection to the appellant's production of further evidence if he so desired. As we view it, the appellant had that right anyway, but suffice it to say that none was offered. The point of this observation is that the appellant was free to subject the school board members to interrogation under the Rules of Civil Procedure at any time after his suit was filed. CR 26.

■ It might as well be frankly recognized as a matter of judicial notice that school board members who prefer charges against a superintendent or teacher are likely to be prejudiced from the inception. The cold fact of formal charges evinces the accusers' predisposition. Though they might (and probably would) disclaim it, human nature is too well known for pretense to be indulged. As suggested in Board of Education of Ashland School Dist. v. Chattin, Ky., 376 S.W.2d 693, 698 (1964), the object of the statutory requirements imposed on the school board (in that case, charges and a hearing; in this case, charges alone) is to create a record on which its

action may be tested for arbitrariness. The prospect of a "fair trial" at the board level is bound to be, in most instances, an illusion.

■ The next contention is that the charges were not sufficiently specific to provide a reasonable opportunity for defense. Here again it must be borne in mind that the field of battle was not in the proceedings of the school board, but in the circuit court. Therefore, we think that when the board conducted a hearing the production of its evidence in support of the charges served the purpose of making specific that which might otherwise have been considered too general from the charges alone. Actually, however, we do not find that the charges were insufficiently specified. We shall confine our discussion to the charges we deem to have been sustained by the evidence.

Charge (1) accused the appellant of not devoting himself exclusively to his duties [KRS 160.390(2)] and of using his office to influence and control the election of school board members in order to perpetuate his own employment, in that (a) he personally engaged in activities in behalf of candidates for the board, both during and outside his normal hours of duty, (b) he authorized, directed and permitted his subordinate school personnel to campaign for such candidates, and (c) he permitted "Title I" federal money to be distributed in such a manner as to influence the recipients to vote for his candidates.

■ In the main, the charges relating to political activity were supported by substantial evidence, though it was not shown that he neglected his work, nor was there any real evidence that the political activities of his subordinates were carried on at his direction or instigation. With respect to his own political activity, the charges probably do not state a ground for removal. Certainly the legislature has not said so, nor is political activity, as such, included within the causes for removal it did see fit to enumerate in the statute relating to teachers (KRS 161.790).

It was said in Hunter v. Board of Education of Floyd County, 265 Ky. 162, 96 S.W.2d 265, 268 (1936), that a school superintendent may not "intermeddle with the election of the members of the board, farther than to see that qualified and fit persons are selected as candidates and placed on the ballot for the voters uninfluenced by the power of his office to exercise the privilege of choosing them; nor to intimidate or coerce the teachers under his supervision in order to have them cooperate with him in the election of his choice of candidates for membership of the board, or engage in panhandling the voters, either before or on the day of the election, either with or without the aid of his friends, to select a board to continue him in office."

■ It would be ideal, of course, if no part of the school system could be invaded by the tides and currents of politics. But the office of school superintendent is let out on a term contract. KRS 160.350. Self-preservation is the first law of life and man's strongest instinct. A school superintendent cannot be expected to confine his extracurricular activities to bird-watching while a covetous rival is out campaigning for a school board to unseat him. So, if he remains within the confines of propriety, neither neglecting his duties nor using his powers to coerce those who are subject to his official influence, he is free to engage in political activity, whether it concerns school elections, or otherwise. But it is an equally harsh fact of life that if he loses, his record of performance in office had better be above reproach, because the winners also are human, and will scrutinize his armor for an Achilles heel. Unfortunately, it is an unavoidable risk of the game, and that is precisely what happened in this case. We continue with the charges and the evidence.

With respect to the accusation that the appellant used or sought to use the distribution of federal relief money to get votes for his candidates, one witness gave direct testimony sufficient to convict. In keeping with the principle that the courts will not choose between conflicting testimony on which the school board has the right to back its decision, that alone supports the board's case. "Courts cannot inquire into the motives of the Board and cannot say the testimony of one witness should be believed rather than that of another." Hoskins v. Keen, Ky., 350 S.W.2d 467, 469 (1961).

Charge (3) alleged that the appellant neglected the condition of the schools and failed to comply with fire safety inspection requirements. There was introduced in evidence a letter of May 27, 1968, from the state fire marshal to the appellant attaching a lengthy list of deficiencies and requesting corrective action. The local fire chief, to whom a copy of this letter had been furnished, testified that in February of 1969 he inspected these conditions and found that none had been remedied.

Charge (4) alleged, among other things, that the appellant failed to see to it that proper fire drills were held in the various schools. This was a primary responsibility of the respective school principals, and they had been so instructed by the appellant, but we think their virtually uniform failure to carry it out over a long period of time is a dereliction of which the superintendent cannot very well plead ignorance. The charge was sustained.

There were other charges less clearly proved and some not proved at all. It would serve no good purpose to analyze them here. On the whole case there were enough specific charges supported by substantial evidence to insulate the board's action from the stamp of arbitrariness.

The judgment is affirmed.

All concur.