**William A. BELL and Phyllis Brooks Gilliam, Appellants,**

**v.**

**BOARD OF EDUCATION OF HARLAN, Kentucky, INDEPENDENT SCHOOL DISTRICT, Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1977.

Arthur L. Brooks, Brooks & Sullivan, Lexington, and John J. Slattery, Jr., Louisville, for appellants.

F. C. Bryan, Mount Sterling, for appellee.

Before MARTIN, C. J., and VANCE and WHITE, JJ.

MARTIN, Chief Judge.

This is an appeal from a circuit court judgment upholding the dismissal of the Harlan Elementary School Principal and one of its teachers.

The appellants argue the circuit court did not review their dismissal as required by *Osborne v. Bullitt County Board of Education,* Ky., 415 S.W.2d 607 (1967), and KRS 161.790. They contend the case was treated as an administrative review rather than a new proceeding as these authorities direct. They also allege that while the Superintendent recommended the dismissal of both appellants as required by statute, KRS 161.-790(3), he withdrew this recommendation at the conclusion of the hearing before the Harlan County Board of Education. Appellants also argue that the decision to dismiss should have taken place at an open public meeting.

During the school year 1975–1976, the appellant William A. Bell was the Principal of Harlan Elementary School and the appellant Phyllis Brooks Gilliam was a classroom teacher of mathematics and science in that school. Both had taught in the Harlan school system for a sufficient period of time to have become tenured teachers. They had worked during this school year with continuing service contracts from the School Board. In May of 1976 both appellants were served with written charges seeking to terminate their tenured positions. These charges, made pursuant to KRS 161.790, detailed a long list of alleged misconduct and inefficiency on the part of both appellants. A hearing on these charges before the Harlan County Board of Education began on June 17, 1976 and produced some six hundred pages of testimony before ending on June 24. On June 29, the Board notified both appellants of their dismissal. An appeal to the Harlan Circuit Court followed. After the transcript of the School Board hearing was filed with the circuit court, an order directing both sides to submit briefs was entered. On December 17, detailed Findings of Fact and Conclusions of Law were filed by the circuit court. This appeal followed. We affirm.

At oral argument, counsel for appellants strenuously pursued the issue of the school superintendent's withdrawal of his recommendation that appellants be dismissed from their positions. Appellants contend that if the superintendent at any time withdraws his recommendation of dismissal, then the Board is without a necessary prerequisite under KRS 161.790(3) to effect a tenured teacher's removal. A reading of the testimony of the superintendent makes it clear he was not making an unequivocal withdrawal of his recommendation, but that he was merely confused after having been present at the entire hearing. We are of the opinion that it was the intention of the legislature in enacting KRS 161.790 to allow the local board of education to make the final determination of dismissal. Thus, once the board's hearing was commenced, the superintendent may not attempt to terminate the proceedings by withdrawing his recommendation.

Another ground for reversal advanced by appellants is the School Board's failure to make any written findings at the conclusion of the hearing. The Board did not specify which charge or charges it found to be grounds for terminating either appellant. While it is helpful, such findings are not required by KRS 161.790. The circuit court must, when a review of a school board decision is sought, begin with the charges and insure first that there was adequate notice of them to the teacher. He may, but is not required to, conduct a further hearing. Having been satisfied with the adequacy of the notice, he must then determine if there is substantial evidence to support the conclusion reached by the Board. See *Hoskins v. Keen,* Ky., 350 S.W.2d 467, 469 (1961). In the present case

we agree with the circuit judge that the conclusion of the Harlan County Board of Education is supported by substantial evidence. The appellants received adequate notice and the record is replete with evidence unrefuted by appellants. They testified on their own behalf and were represented by counsel at the hearing. After reading the complete transcript of the hearing before the school board, there can be only one conclusion. The charges were proven and the dismissal of the appellants from the status of tenured teachers was proper.

Appellants' concluding argument is that the action of dismissal was void because it was taken during a closed session of the Board. Appellants in response to the charges of the Board asked for and received a public hearing. KRS 161.790. They now argue KRS 61.805 and 61.810 require the Board's dismissal discussion be held in public. In attempting to harmonize the appropriate sections of KRS 161.790 and KRS 61.810, we can not reach such a conclusion. KRS 161.790(4) provides that the hearing in a teacher dismissal case may be a public hearing at the teacher's option. However, there is no requirement that the Board's deliberation and decisions must be held at a public meeting. Indeed, KRS 61.810(6) exempts such deliberations because of their confidential nature. Thus, the hearing and the Board's decision based on the evidence at the hearing are two separate phases of the termination proceeding. The Board's power to reach a decision on the evidence in closed session is preserved by KRS 61.-810(6).

The judgment of the circuit court is affirmed.

All concur.