Donald MAVIS, Appellant,

v.

**BOARD OF EDUCATION OF the OWENSBORO INDEPENDENT SCHOOL DISTRICT, Appellee.**

Court of Appeals of Kentucky.

Dec. 9, 1977.

Discretionary Review Denied April 25, 1978.

Richard S. Taylor, Miller, Taylor & Burlew, Owensboro, John J. Slattery, Jr., Louisville, for appellant.

William L. Wilson, Mark L. Moseley, Wilson, Wilson & Plain, Owensboro, for appellee.

Before GANT, VANCE and WILHOIT, JJ.

VANCE, Judge:

This is an appeal from a judgment upholding the dismissal of appellant, a tenured teacher in the Owensboro school system. The questions on appeal are whether the charges are sufficiently specific, wheth-

er the evidence supports the charges and whether the charges were supported by written records of performance as required by KRS 161.790(2).

Appellant was charged with insubordination and conduct unbecoming a teacher. KRS 161.790. The charge of insubordination specified that appellant failed to obey the instruction of the superintendent that appellant cease and desist all forms of physical and mental punishment of students and warning him that failure to comply would be considered insubordination in violation of KRS 161.790. The charge of conduct unbecoming a teacher specified abusive treatment of young students. Both charges were spelled out in more detail with statements furnished to appellant of witnesses to be called by the Board and the substance of what they would testify. The original date of hearing was postponed at appellant's request to give him additional preparation time.

■ The hearing was commenced without any objection by appellant that the charges were not specific enough to enable him to know what he had to defend against. We think the charges and specifications therein, coupled with the information furnished appellant as to the nature of anticipated testimony, were adequate to meet the requirements of KRS 161.790(3) and were also sufficiently specific as to inform him of the acts which he had to defend against. There was no basic unfairness which deprived appellant of due process.

■ The evidence clearly supported both of the charges. After a long period marked by parental complaints about appellant's physical beating of students, he was ordered by the superintendent to cease all physical punishment. He was transferred to a different school because of the complaints. At the new school he continued to administer corporal punishment. His defense was that he was told to cease corporal punishment at the old school only, and he did not consider the injunction applicable after his transfer. In light of all his past difficulties brought about by his administration of corporal punishment his treat-

ment of the order of the superintendent was cavalier indeed.

Much of the evidence on the charge of insubordination was also competent to show conduct unbecoming a teacher. Without going into great detail about the testimony, we think it adequately supported the charges without any consideration being given to certain new matter introduced at the hearing about which appellant objected because of lack of notice.

■ The charges were supported by written documentation. The letter which ordered appellant to cease using corporal punishment, the letter notifying appellant of his transfer because of past difficulties, and a letter of complaint from a parent were introduced in evidence.

After he was found guilty of the charges, an appeal was taken to circuit court, but appellant did not offer any additional evidence. The trial court, in an excellent written opinion, affirmed the dismissal.

■ Finally, appellant contends the Board should be required to issue findings as to the particular charges of which he was deemed guilty. There were only two charges, and as we have indicated, the evidence supports a finding of guilt on each charge. We think better procedure would indicate a need for a finding by the Board, but it is not required by statute and does not result in prejudice in this case. A different holding might become necessary if several charges are preferred and the evidence supports some of the charges but not the others. In that case we would be confronted with uncertainty that the evidence supported the particular charge which the Board used as the basis for dismissal. In this case it is not material for the evidence supported either or both charges.

The judgment is affirmed.

All concur.