Darrell CARTER, in his Individual capacity and as Superintendent and as Secretary of the Monroe County School Board, Dr. James E. Carter, Almond Headrick, Dr. Royce McPherson, Denton Gettings, and Owen Holland, in their Individual capacities and as members of the Board of Education of Monroe County, Kentucky, and the Monroe County Board of Education, a/k/a, Monroe County School District, Appellants,

v.

Virginia CRAIG, Appellee.

Court of Appeals of Kentucky.

Nov. 17, 1978.

James C. Jernigan, Tompkinsville, for appellants.

William J. Parker, Harlin, Parker & Rudloff, Bowling Green, for appellee.

Before HAYES, PARK and REYNOLDS, JJ.

HAYES, Judge.

The appellee, Virginia Craig, has been employed as a teacher in the Monroe County School System for nineteen (19) years and is a "tenured" teacher. She taught at Gamaliel, Kentucky, from 1957 to 1971, and at Fountain Run, Kentucky, from 1971 until the spring of 1975.

In February, 1975, a delegation of parents of school children taught by appellee at Fountain Run School protested appellee's excessive use of corporal punishment and the delegation asked the Monroe School Board to fire appellee. Charges, in writing, were brought against appellee by the Board on February 10, 1975. Craig responded in a letter to the Board requesting a hearing on the charges and she asked further that she be transferred from Fountain Run to the Tompkinsville School System. The record does not contain the notice given by the Board to appellee. Apparently no hearing was held on these charges and by mutual agreement Craig was transferred to the Tompkinsville School District in March, 1975.

Appellee finished the 1974–1975 school year as a librarian at Tompkinsville Elementary and she was rehired for the school year 1975–1976, as a mathematics teacher.

On June 10, 1976, appellee received a notice of her termination as a teacher because of mental disability, failure to maintain discipline, insubordination and a general history of unsatisfactory employment.

A hearing on the charges against appellee was held on July 6, 1976. Appellee was represented by counsel and protested the notice of charges as not being sufficiently specific enough in order to permit her to prepare an adequate defense. She also requested that she be permitted to voir dire the school board members to determine whether the members could sit as an impartial tribunal. Both of the above requests by appellee were denied by the Board.

The cause proceeded, after a three (3) week continuance, numerous witnesses testified, and the Board finally concluded that appellee's position as a teacher be terminated.

Craig appealed to the Monroe Circuit Court. She, even though entitled to under KRS 161.790(6), offered no additional proof at this de novo hearing.

The trial court concluded that Craig had been improperly dismissed because (1) the refusal of the Board to submit to voir dire examination was error; (2) the charges were not specific enough to meet the requirement of KRS 161.790(3); (3) none of the charges were substantiated by competent evidence; (4) none of the charges were supported by written records of teacher performance required by KRS 161.790(2)(a); (5) there was no written statement identifying Craig's problems or difficulties as re-

quired by KRS 161.790(1)(d); (6) the action of the Board was void because it was taken during a closed session of the Board in violation of KRS 61.810; and finally, (7) the Board erred in not making findings of fact to support their conclusions.

The trial court ordered the teacher reinstated. The Board appeals contending the trial court was wrong on all counts.

■ In order to properly determine whether or not the trial court has erred, it seems to us that we first have to determine our proper scope of review. Ordinarily, review of a decision of an administrative body is limited to determining whether that body's decision is supported by substantial evidence, or put another way, whether the decision is unreasonable or arbitrary.

However, appeals from decisions of school boards are not subject to such a limited review as above because of the requirements of KRS 161.790(6). Therein it is stated, inter alia, that:

> (6) The teacher shall have a right to make an appeal both as to law and as to fact to the circuit court. . . . The court shall examine the transcript and record of the hearing before the board of education and shall hold such additional hearings as it may deem advisable, at which it may consider other evidence in addition to such transcript and record.
> . . .

This statute gives the teacher a trial de novo in circuit court.[1] The trial court here made specific findings of fact and conclusions of law. We conceive our scope of review to be, therefore, one governed by CR 52.01. Was the trial court clearly erroneous in its findings and conclusions?

■ The trial court determined it was error for the Board to refuse to submit to voir dire, citing *Osborne v. Bullitt County Board of Education,* Ky., 415 S.W.2d 607 (1967). That case, as we interpret it, does not stand for the proposition that refusal of

the Board to submit to voir dire is reversible error. In *Osborne,* the Court of Appeals was faced with the rule of law in *Board of Education v. Chattin,* Ky., 376 S.W.2d 693 (1964) which was that, upon appeal, the circuit court was limited to an examination of the record of the proceedings held before the school board. *Chattin* was decided before KRS 161.790(6) was enacted. Therefore, under *Chattin,* if the teacher could not have spread upon the record the bias or predilection of the board members, there was no adequate review in circuit court and thus a denial of due process. *Osborne* overruled *Chattin* on this point, and held that the Board *should* submit to examination by the teacher; however, it was indicated in *Osborne* that the de novo provisions of KRS 161.790(6) would remedy that situation.

We believe that KRS 161.790(6) corrects the Board's procedural deficiency of not submitting to voir dire. As Justice Palmore stated in *Bell v. Board of Education of McCreary County,* Ky., 450 S.W.2d 229, 232 (1970), ". . . the field of battle was not in the proceedings of the school board, but in the circuit court." Under CR 26 the teacher was free to subject the school board members to interrogation at any time after the appeal to circuit court. As a matter of fact, the United States Supreme Court, as early as 1884, rejected a contention that due process was violated by administrative actions that denied even an opportunity to be heard at all where a hearing is subsequently allowed to a competent tribunal before the administrative body's decision could become final and irrevocable. *Hagar v. Reclamation District,* 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569 (1884). It is apparent that the denial of any hearing is much more unfair than the denial of examination of board members, as we have in the present case.

■ There is an additional reason why the trial court was clearly erroneous in determining that the lack of opportunity to voir dire the school board members was

---

1. We would point out here that the Kentucky Constitution, Section 115, has abolished trial de novo, therefore it is questionable whether KRS 161.790(6) granting trials de novo from school

board decisions to dismiss tenured teachers is constitutional. However, we have not been asked to decide that issue, and decline to do so.

error. It is the so called "rule of necessity" enunciated in *Evans v. Gore,* 253 U.S. 245, 40 S.Ct. 550, 64 L.Ed. 887 (1920). In that famous case, the issue concerned the validity of taxing income of federal judges, including Supreme Court Justices. Therein, the United States Supreme Court stated:

> . . . because of the individual relation of the members of this court to the question, thus broadly stated, we cannot but regret that its solution falls to us . . . . The plaintiff was entitled by law to invoke our decision . . . and there was no other appellate tribunal to which under the law he could go. . . In this situation, the only course open to us is to consider and decide the cause . . . .

The Kentucky General Assembly has given sole authority to hire and fire teachers to the various boards of education by virtue of Chapter 161 of the Kentucky Revised Statutes. If the members of the board of education were disqualified as having prejudged the case or as having personal animosity against the particular teacher or school employee, or for any reason, then there would be no other agency to hire or terminate school personnel under the existing law. The rule of necessity requires the board members to sit even though they may all be biased and have predetermined the results of a particular hearing. It would be strange indeed if teachers, or other school personnel subject to the board of education's jurisdiction, proved to be unfit for employment could enjoy immunity from a termination of their employment simply because the only removing authority, the board, was disqualified as being biased or prejudicial against them. *Kelly v. Board of Education,* Ky.App., 566 S.W.2d 165 (1978) (Discretionary Review denied June 6, 1978), and *Hortonville Joint School District No. 1 v. Hortonville Educational Association,* 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976).

The trial court was also clearly erroneous in finding the Board erred in making its determination to dismiss appellee during a closed session of the Board in violation of KRS 61.805 and 61.810. We decided in *Bell*

*v. Board of Education of Harlan, etc.,* Ky. App., 557 S.W.2d 433 (1977), that the Board's dismissal of a teacher was not rendered void as a result of the fact that the Board's deliberation resulting in dismissal took place in a closed session after a public hearing, citing KRS 61.810(6).

■ The trial court was in error in determining the Board erred in not making findings of fact. KRS 161.790 does not require the Board to do so. *Mavis v. Board of Education of the Owensboro Independent School District,* Ky.App., 563 S.W.2d 738 (1977).

We do agree that the trial court was not clearly erroneous in its remaining findings and conclusions.

■ The notice of charges presented to appellee did not conform to the specificity required by *Blackburn v. Board of Education of Breckinridge County,* Ky.App., 564 S.W.2d 35 (1978), with the possible exceptions of the charges of insubordination and unsatisfactory employment. We believe the notice was specific enough on these two charges, and unlike the other charges, these two charges were sufficiently supported by the evidence in the record.

However, the real problem remains that the Board did not comply with KRS 161.- 790(1)(d) and KRS 161.790(2)(a). The trial court could have been clearly erroneous in all its findings and conclusions and it could have still concluded as it did merely because of the Board's failure to follow the law, a law that has been in existence practically unchanged since 1964.

KRS 161.790(1)(d) states:

(1) The contract of a teacher shall remain in force during good behavior and efficient and competent service by the teacher and shall not be terminated except for any of the following causes: . . .

(d) Inefficiency, incompetency, or neglect of duty, when a written statement identifying the problems or difficulties has been furnished the teacher or teachers involved.

KRS 161.790(2)(a) requires:

Charges on the above causes shall be supported by written records of teacher performance by the superintendent, principal, or other supervisory personnel of the board.

■ The record before us is completely void of any "written records of teacher performance by the superintendent, principal, or other supervisory personnel of the board". Also there is no evidence of any "written statement identifying the problems or difficulties" furnished to appellee. Although the law does not require that such written records appear in the teacher's personnel file, we note that none appear in appellee's file.

Appellant argues that the notice appellee received when she was transferred to the Tompkinsville school from the Fountain Run school would suffice under this section of the statute. We disagree, mainly because over a year had passed and appellee had been rehired since then for the 1975–1976 school year, an indication that the Board was not too dissatisfied with her performance. Appellant further argues the petition signed by the parents of children at the Fountain Run school would suffice. However, this is not signed by the "superintendent, principal, or other supervisory personnel of the board".

■ Lastly, appellant argues that the school superintendent took notes and a tape recording of interviews he had with students to support the insubordination charge and these would suffice as "written records". Again we disagree, because there is no evidence the teacher, Virginia Craig, was ever made aware of these tapes or notes previous to the hearing on the charges against her. Obviously, one purpose of the requirements of KRS 161.790(2)(a) is to make the teacher aware of deficiencies so that she or he may correct same before being terminated.

In conclusion, a review of this rather voluminous record indicates to us that the trial court acted properly when it declared the action of the Monroe County School Board in dismissing appellee as a teacher was null and void and when it ordered her reinstated.

The judgment of the trial court is affirmed.

All concur.